THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF SANTA ROSA, *Appellant,* v. A. C. CROOM, COMPTROLLER OF THE STATE OF FLORIDA, AND W. V. KNOTT, TREASURER OF THE STATE OF FLORIDA, *Appellees.*

1.  Section 7, Article 12 of the Constitution of Florida of 1885, as amended, provides for the apportionment and distribution of the State School Fund therein authorized to be made by law, and contemplates only an apportionment and distribution upon the basis of counties as units of such apportionment and distribution, and not upon the basis of particular schools as such units, and inasmuch as Section one (1) of Chapter 5381 Laws of 1905 undertakes to make certain schools in the State with an average attendance of 80 per cent. the beneficiaries of the act, the said act of the legislature is unconstitutional.

2.  Queare.  Whether under the constitution the Legislature has authority to distribute the General Revenue Fund or any part of it for the support and maintenance of public free schools?

This case was decided by Division B.

Appeal from the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*Maxwell & Wilson* and *W. B. Farley,* for Appellant;

*W. H. Ellis,* Attorney General, and *D. A. Simmons,* for Appellees.

HOCKER, J.—On the 18th of October, 1908, the appellant, The Board of Public Instruction for Santa Rosa County, filed an amended bill against A. C. Croom, Comptroller, and W. V. Knott, Treasurer of the State of Florida, in the Circuit Court of Leon County seeking to enjoin them from paying out money from the General Revenue Fund of the State in satisfaction of certain claims against the State, claiming that the public schools of Santa Rosa and other counties were entitled to priority of payment from said fund in aid of public schools which

had become entitled to such aid by compliance with the terms of Chapter 5381 of the Laws of 1905. The bill names specifically the schools in Santa Rosa County which had complied with the terms of the act, and were entitled to such aid, and alleged that the Comptroller had refused to draw warrants on the Treasurer for the sums of money which were due. On hearing the Judge of the Circuit Court denied the temporary injunction, and an appeal to this court was taken from this order.

Appellees attack the constitutionality of Chapter 5381, Laws of 1905, upon which this suit is based. Sections one and two of said act are as follows:

"Section 1. That every public school in this State, maintaining an average daily attendance of eighty (80) per centum of the total number of pupils enrolled in such school, during the regular term as now provided for by law shall receive aid from the State in a sum sufficient in each case to maintain such school for two (2) months in addition to the regular term of such school; Provided, that no school now or hereafter receiving aid from the State under the provisions of Chapter 5206 of the Laws of Florida shall be entitled to the benefits of this act.

Sec. 2. In order to receive aid as provided in Section one (1) of this act the County Superintendent of Public Instruction of the county in which the school or schools entitled to receive same may be located shall within ten (10) days of the expiration of the regular term of such school file with the State Board of Education a certified copy of the reports of such school showing the average daily attendance, upon such form as may be prescribed by the State Board of Education. Upon receipt of such report the State Board of Education, if satisfied that all conditions have been fully complied with, shall make requisition upon the State Comptroller for the amount due such school under the provisions of this act."

Article 12 of the Constitution of 1885 deals with the subject of education. We quote the following sections:

"Section 1. The legislature shall provide for a uniform system of public free schools, and shall provide for the liberal maintenance of the same.

Section 4. The State school fund, the interest of which shall be exclusively applied to the support and maintenance of public free schools, shall be derived from the following sources:

The proceeds of all lands that have been or may hereafter be granted to the State by the United States for public school purposes.

Donations to the State when the purpose is not specified.

Appropriations by the State.

The proceeds of escheated property or forfeitures.

Twenty-five per cent. of the sales of public lands which are now or may hereafter be owned by the State

Section 5. The principal of the State school fund shall remain sacred and inviolate.

Section 6. A special tax of one mill on the dollar of all taxable property in the State, in addition to the other means provided, shall be levied and apportioned annually for the support and maintenance of public free schools.

Section 7. Provision shall be made by law for the apportionment and distribution of the interest on the State School Fund, and all other means provided, including the special tax, for the support and maintenance of public free schools among the several counties of the State in proportion to the average attendance upon schools of the said counties respectively.

Section 8. Each county shall be required to assess and collect annually for the support of public free schools therein, a tax of not less than three (3) mills, nor more than seven (7) mills on the dollar, of all taxable property in the same.

## VOL. 57, JANUARY TERM, 1909. 351

Bd. Pub. Inst. Santa Rosa Co. v. Croom, *et. al.*—Opinion of Court

Section 9. The county school fund shall consist, in addition to the tax provided for in section eight of this article, of the proportion of the interest of the State school fund and of the one mill State tax apportioned to the county; the net proceeds of all fines collected under the penal laws of the State within the county; all capitation taxes collected within the county; and shall be disbursed by the county board of public instruction solely for the maintenance and support of public free schools."

Section 10 provides for the division of the counties into school districts, etc., and for levying and collecting a district school tax of three mills on the dollar, and section 11 provides that an incorporated town or city may constitute a school district, and how the money raised by section 11 may be expended.

We are of opinion that under section 7 of Article 12 the apportionment and distribution of the State School Fund therein authorized to be made by law, contemplates only an apportionment and distribution upon the basis of counties as units of such apportionment and distribution, and not upon the basis of particular schools, as such units. This section expressly says that such *fund, which includes all the sources of that fund* shall be apportioned and distributed for the support and maintenance of public free schools *among the several counties of the State in proportion to the average attendance upon schools in the said counties respectively.* The first section of the act of 1905, Chapter 5381, plainly ignores the provision of the constitution and undertakes to make certain schools in the State with an average daily attendance of 80 per cent. the beneficiaries of the act, whereas the constitution contemplates that the counties respectively shall be the recipients of the fund. For this reason we think that Chapter 5381 of the Laws of 1905 is clearly unconstitutional.

We deem it proper also to say, without meaning to express a positive opinion, we have serious doubt whether under the constitution the legislature has authority to distribute the General Revenue Fund or any part of it, for the support and maintenance of public free schools.

The order is affirmed.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.

Per Curiam.

A rehearing was granted in this case and upon a full consideration of the subject the opinion heretofore filed is confirmed. The order appealed from is affirmed.

All concur.