ROBERT BROWN, *Appellant,* v. THE CITY OF LAKELAND, *Appellee.*

1. An act of the legislature may be held to be inoperative when it is in conflict with the expressed or fairly implied limitations of the State or the Federal Constitution.

2. All reasonable doubts should be resolved in favor of the validity of a duly enacted statute, but where it clearly appears that a legislative enactment is in conflict with the organic law, it is the duty of the court to so declare and to decline to enforce such provision.

3. While effect should be given to every word of a constitution, the entire instrument should be considered in construing particular provisions, and when limitations are fairly implied by a consideration of all the provisions of a constitution, any legislative enactment that is clearly in conflict with such implied limitations will be held to be inoperative, since it is the duty of the court to sustain and enforce the constitution.

4. The power given to the legislature in Section 8 of Article 8 of the Constitution to prescribe the "jurisdiction and powers" of municipalities, should be construed in connection with other provisions of the Constitution that may expressly or impliedly bear upon the "powers" of "municipalities."

5. The legislature may within reasonable and lawful bounds determine what is a "municipal purpose" for which a municipal tax may be levied, or what "powers" it will give a municipality, subject only to the express and implied provisions of organic law.

6. The power given the legislature to prescribe the "powers" of municipalities and to authorize cities and towns to assess and impose taxes for "municipal purposes" does not permit the giving to municipalities *as such* authority to issue bonds and to levy a municipal tax to pay the bonds when the proceeds are to be used "for the purpose of erecting school houses and maintaining a system of public education in the municipality."

This case was decided by Division A.

Appeal from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*H. K. Olliphant,* for Appellant;

*Epps Tucker, Jr.,* for Appellees.

WHITFIELD, C. J.—This appeal is from an order sustaining a demurrer to a bill in equity filed to enjoin the municipality from issuing bonds for school purposes.

The question for determination is the validity of the provisions of Section 37 of Chapter 4869, Acts of 1899, as amended by Chapter 5817, Acts of 1907, that authorizes the municipality of Lakeland to issue bonds "for the purpose of erecting school houses and maintaining a system of public education in said municipality," to be paid by a tax levy to be made by the municipality as such.

An act of the legislature may be held to be inoperative when it is in conflict with the expressed or fairly implied limitations of the State or the Federal constitution. All reasonable doubts should be resolved in favor of the validity of a duly enacted statute, but where it clearly appears that a legislative enactment is in conflict with the organic law, it is the duty of the court to so declare and to decline to enforce such provision. While effect should be given to every word of a constitution, the entire instrument should be considered in construing particular provisions; and when limitations are fairly implied by a consideration of all the provisions of a constitution, any legislative enactment that is clearly in conflict with such

implied limitations will be held to be inoperative, since it is the duty of the court to sustain and enforce the constitution. The constitution contains the following provisions:

"The legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time." Sec. 8, Art. 8.

"The legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes." Sec. 5, Art. 9.

"The legislature shall provide for a uniform system of public free schools, and shall provide for the liberal maintenance of the same." Sec. 1, Art. 12.

"The legislature may provide for the division of any county or counties into convenient school districts; * * * and for the levying and collection of a district school tax, for the exclusive use of public free schools within the district * * * * Provided, That any tax authorized by this section shall not exceed three mills on the dollar in any one year on the taxable property in the district." Sec. 10, Art. 12.

"Any incorporated town or city may constitute a school district. The fund raised by section ten may be expended in the district where levied for building or repairing school houses, for the purchase of school libraries and text books, for salaries of teachers, or for other educational purposes, so that the distribution among all the schools of the district be equitable." Sec. 11, Art. 12.

In sections 4 and 9, of Article 12 the sources and uses of funds for the support and maintenance of public free schools are specifically stated, and section 6 and section 8 (as amended) provide for the specific levy of State and

also county taxes for the support and maintenance of the public free schools.

In State *ex rel.* Bours v. L'Engle, 40 Fla. 392, 24 South. Rep. 539, this court said "it is apparent that Article XII has devised a complete scheme for the support and maintenance of public free schools in the various counties of the State;" and it was held that an act purporting to authorize the county to issue bonds payable from the general funds of the county for the use of the public schools of the county was in violation of the limitations contained in Article 12 of the constitution. See, also, Board of Public Instruction for Santa Rosa County v. Croom, 57 Fla. 347, 48 South. Rep. 641.

The power given to the legislature in section 8 of Article 8 of the constitution to prescribe the "jurisdiction and powers" of municipalities, should be construed in connection with other provisions of the constitution that may expressly or impliedly bear upon the "powers" of "municipalities." The legislature may within reasonable and lawful bounds determine what is a "municipal purpose" for which a municipal tax may be levied, or what "powers" it will give a municipality, subject only to the express and implied provisions of organic law.

The requirement for "liberal maintenance" relates to "a uniform system of public free schools," and as to *taxation* is limited by the specific provisions for the levy of a State tax in Section 6, the levy of a county tax in section 8 as amended, and the levy of a tax by a school district which "any incorporated town or city may constitute," in Section 10 of Article 12. The requirement of uniformity is restricted to · a "system of public free schools," and the limitations upon the taxing power is confined to "the maintenance and support of public free

schools," and does not extend to higher educational institutions that are not a part of the "uniform system of public free schools" provided for in the constitution.

In view of the express mandate of the constitution that "The legislature shall provide for a uniform system of public free schools, and shall provide for the liberal maintenance of the same," and of the other specific organic provisions for the funds to be used "for the support and maintenance of public free schools," and the express specific provisions for a State tax and a county tax for such school purposes and for school districts in a county and a specific tax therein, and also that "any incorporated town or city may constitute a school district," and that the stated district tax levy may be expended for building or repairing school houses or for other educational purposes in the district, it is clear that the constitution intends that all *taxation* for the support and maintenance of a *system* of *public free* schools shall be in accordance with the "uniform system" provided for in the constitution, and that the power given the legislature to prescribe the "powers" of municipalities and to authorize cities and towns to assess and impose taxes for "municipal pur poses" does not permit the giving to municipalities *as such* authority to issue bonds and to levy a municipal tax to pay the bonds when the proceeds are to be used "for the purpose of erecting school houses and maintaining a system of public education in the municipality," such purpose being not the establishment of an institution of higher education distinct from the "system of public free schools" in the State, but supplemental to and a part of such "system of public free schools," that is by the constitution required to be "uniform."

It is clearly manifest that the constitution contemplates that there shall be a uniform system of public free

schools and that taxes levied in an incorporated town or city to supplement the other provisions made for the support and maintenance of a uniform system of public free schools shall be as school districts and not as municipalities. It is apparent from the bill of complaint and exhibits that the purpose is not to contribute to the establishment or maintenance of an institution for higher educational purposes that is distinct from a common school system as was the purpose of chapter 5498 Acts of 1905. This construction gives effect to every word of the constitution applicable to the subject and is in harmony with the organic instrument taken as an entirety.

There was error in sustaining the demurrer to the bill of complaint, and such order is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.