S. S. COACHMAN, AND OTHERS, COUNTY COMMISSIONERS OF
PINELLAS COUNTY, *Plaintiffs in Error*, v. STATE *ex rel.*
J. L. HACKNEY AND OTHERS, COUNTY COMMISSIONERS OF
HILLSBOROUGH COUNTY, *Defendants in Error*.

Opinion Filed November 4, 1913.

Rehearing Denied December 3, 1913.

1. The courts will not by mandamus require a newly formed
county to *pay* to the parent county its proportionate part of
the indebtedness, irrespective of its maturity.

2. In a proceeding to compel a newly formed county to assume
its share of the joint indebtedness, the amount of the indebt-
edness should be alleged directly, and not by way of repre-
sentation.

3. After the division of a county, the parent county cannot adju-
dicate the indebtedness, of the original county, so as to pre-
vent inquiry thereinto by the newly formed county.

4. The complications in the adjustment of the indebtedness by a
newly formed county and the assumption of liability there-
for, suggest a resort to a court of equity as the more con-
venient forum.

Writ of error to Circuit Court, Pinellas County; F. M.
Robles, Judge.

Judgment reversed.

*W. R. Rowland, C. C. Whitaker,* and *Jas. F. Glen,* for Plaintiffs in Error;

*Dozier A. DeVane,* for Defendants in Error.

Cockrell, J.—A peremptory writ of mandamus issued against the County Commissioners of Pinellas County, commanding them to audit and allow as due the County of Hillsborough, the sum of $72,580.33 with interest from January 1, 1912, and to submit a plan to the Hillsborough County Commissioners for the assumption or payment by the county of said sum. This order was entered after the court had denied a motion to quash the alternative writ and had granted a motion to strike the return thereto, and appears to be based solely on the averments of the alternative writ.

Omitting formal parts, the alternative writ reads:

WHEREAS, the Board of County Commissioners of Hillsborough County, Fla., has made it appear to this court that by Chapter 6247 of the Laws of the State of Florida, the County of Pinellas was duly and legally created out of Hillsborough County, and organized under said Chapter, and that in pursuance of the organization of said Pinellas County, S. S. Coachman, J. T. Lowe, L. D. Vinson, F. A. Wood and O. T. Railsback were duly appointed and qualified and now constitute the Board of County Commissioners of said Pinellas County, and

Whereas they made it further appear unto the Court that under and by virtue of the Act creating said Pinellas County, it became and was the duty of the said County Commisioners of said Pinellas County to meet with the Board of County Commissioners of Hillsborough County

and agree with said Board upon a plan or plans for the assumption by Pinellas County of its pro rata share of the indebtedness of Hillsborough County in accordance with the provisions of the Constitution of the State of Florida. That in accordance with said provisions of said Act, the said Board of County Commissioners of Pinellas County did meet with the Board of County Commissioners of Hillsborough County, but declined and refused to audit an account between the counties or to enter upon a plan or plans for the assumption by Pinellas County of its pro rata share of the indebtedness of Hillsborough County in accordance with the provisions of the Constitution of the State of Florida, and

Whereas said Board made it further appear unto the Court that in accordance with the Constitution of the State of Florida, the County of Pinellas is liable to the County of Hillsborough for its proportion of the existing liabilities of the County of Hillsborough, on the 1st day of January, 1912, of which County Pinellas County before that time formed a part, rated upon the basis of the assessed value of the property, both real and personal, subject to taxation, within the territory taken from Hillsborough County, and

Whereas they made it further appear unto the Court that the assessed value of Hillsborough County on the date of the creation of Pinellas County above specified, was $19,171,860.00, and that the assessed value of that part of Hillsborough County which on the first day of January, 1912, became Pinellas County, was $3,546,-130.00; and they further represented that on the 1st day of January, 1912, the total indebtedness of Hillsborough County at the time of the division hereinbefore referred to was $461,785.73, and that the total amount of money in the hands of the treasurer on said date was $69,692.50,

making the net indebtedness of Hillsborough County, Fla., on January 1st, 1912, and at the time of the creation of Pinellas County, Fla., $392,093.23; and that based upon the assessed value of the property, as above set forth, Pinellas County is now due and owing Hillsborough County the sum of $72,580.33. That said amount of indebtedness due Hillsborough County, Fla., by Pinellas County is fixed by the Constitution of the State of Florida, and became due and owing Hillsborough County, Fla., upon the creation of Pinellas County on January 1st, 1912, and that said account is now due with interest from January 1st, 1912, and

Whereas they made it further appear unto the court that on divers occasions, since January 1st, 1912, and since the meeting of the Boards of Commissioners of Hillsborough and Pinellas Counties, the Board of Commissioners of Hillsborough County had made repeated demands upon Pinellas County for the payment of said sums of money above specified, but that the said Board of Commissioners of Pinellas County has declined and refused to pay the same or to suggest a plan for the payment thereof.

NOW THEREFORE, this is to command you that you be and appear before this court at Tampa, Fla., on the 24th day of March, A. D. 1913, and show cause, if any you have, why a peremptory writ of mandamus should not issue against you, requiring you to audit and pay said bill.

Witness my hand and seal this 14th day of March, A. D. 1913.

F. M. Robles, Judge."

Our Constitution, Article VIII, Sec. 3, provides: "Every newly established county shall be held liable for its proportion of the then existing liabilities of the coun-

ty or counties from which it shall be formed, rated upon the basis of the assessed value of the property, both real and personal, subject to taxation within the territory taken from any county or counties;" &c.

Carrying out this provision of the Constitution, the Legislature in creating Pinellas County, Chap. 6247, Laws of 1911, Sec. 17, declared: "It shall be the duty of the Board of County Commissioners of Pinellas County, at as early a date as may be possible to hold a conference with the Board of County Commissioners of Hillsborough County and agree with said board upon a plan or plans for the assumption by Pinellas County of its pro rata share of the indebtednees of Hillsborough County in accordance with the provisions of the Constitution of the State of Florida; and also upon an equitable division of the surplus funds that Hillsborough County may have had on hand or that may be owing to Hillsborough County on the first day of January, 1912."

It is manifest that the pleader in framing the alternative writ quoted above, misconceived the duties imposed upon the County Commissioners of Pinellas County. They are not to pay to Hillsborough County a proportionate share of its existing indebtedness, irrespective of its maturity, but the new county in the words of the Constitution becomes "liable" for its proportionate share of that indebtedness, whether to the creditors only of that county, or to the county itself we need not now inquire, as the statute puts it the two counties shall meet together and agree upon a plan or plans for the assumption by the new county of its share of the indebtedness, according to the provisions of the constitution. The allegations of the writ do not inform the court that any of the outstanding indebtedness is now due and payable, and if we are to consider at all the bill of particulars sub-

sequently filed by the relator, or take knowledge of our former records involving the bonding issue of Hillsborough County, we would ascertain that a very large part of the indebtedness consists of bonds not yet matured and time warrants, maturing we know not when.

It would be manifestly unfair, if not impossible, to compel by mandamus a new county, hardly one year old, to pay so large a sum to the parent county; nor do we see how such payment if made would save the new county from its liability under the constitution to the bond holders, should they find it necessary at some future time to proceed against the county of Pinellas for its proportionate share of its liability to them upon these bonds, under the Federal or State Constitution.

There is no positive averment, as required by good pleading, of the amount of the indebtedness; a "representation" that the amount is so much is not equivalent to the recital in the mandatory writ that "that amount was audited and presented." In fact the peremptory writ in many material points departs from the alternative writ, which was in no wise amended.

It is argued that the amount of the indebtedness cannot be disputed by the County of Pinellas, because it has been ascertained by the present county of Hillsborough. We find no justification in any statute for such argument; nor do we find from the writ a positive statement that the amount has been so ascertained. As between adversary parties the courts alone can adjudicate finally a subject of dispute, and the County Commissioners are not one of the courts permitted by our constitution.

The difficulties in the way of drafting a judgment sufficiently elastic to meet the conditions that may arise, should this litigation be prolonged, suggest a resort to a

court of equity, as was done in the case of Virginia v. West Virginia, 206 U. S. 290.

Judgment reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.