CITY OF BRADENTOWN, *Appellant*, v. STATE OF FLORIDA AND F. C. WHITAKER, *Apellees.*

Division B.

Opinion Filed December 2, 1924.

1. While the courts will give due weight to a legislative determination of what is a municipal purpose, yet where the purpose declared by statute to be such, may in fact be not a municipal purpose, or where the purpose may be by the Constitution expressly 'or by implication excluded as a municipal purpose, or where the execution of the purpose may involve a violation of organic law, the courts will ultimately de-

termine whether it is or is not a permissible municipal pur-
pose, and in doing so will consider the pertinent facts that
may be peculiar to the particular case as well as the con-
trolling law in the premises.

2. While the Legislature may, within reasonable limitations,
authorize a municipality to determine what is a municipal
purpose, in order that peculiar facts affecting the particular
matter may have due appreciation, yet the discretion or
judgment of the municipality in the premises must accord
with controlling provisions and principles of law, and acts
done are subject to judicial review so that the law and not
arbitrary or unreasonable municipal action shall control, to
the end that private rights may be conserved as is required
by law.

3. The powers of municipal government must be exercised to
conserve the interests of the inhabitants and taxpayers, and
tax levies are legal only in so far as they are clearly au-
thorized by law for proper public purposes.

4. In view of the rule that the authority of municipalities to
act and particularly to levy a tax must be made to clearly ap-
pear, and that doubts, if any, as to the power sought to be
exercised must be resolved against the municipality, it is
not evident that the power to issue bonds to acquire land
for an enlarged golf course in the city is included in the
charter and general statutory powers of the city to pur-
chase property for public parks and play grounds and for
any other municipal purpose the city council may deem
proper, and to issue bonds for any purpose stated, or for any
municipal purpose authorized by the charter or general law,
the issuing of bonds to construct a golf course being more
in the nature of a corporate than of a governmental func-
tion.

5. While the Legislature might authorize municipalities, with-
in appropriate limitations for the protection of taxpayers,
to purchase and maintain golf courses to be impartially con-
ducted in the interest of the local public, thereby declaring
it to be a municipal purpose, the courts should not, by de-

ducing such authority from general powers conferred upon municipalities, anticipate express legislation conferring upon municipalities the specific power to establish and maintain golf courses.

6. A finding by the Circuit Court that a proposed bond issue by a municipality would in effect involve a tax levy for the primary benefit of a chartered company of the State, in violation of the Constitution, being sustained by the record, will not be disturbed an appeal.

An Appeal from the Circuit Court for Manatee County; W. T. Harrison, Judge.

Affirmed.

*Dewey A. Dye* and *G. O. Lea*, for Appellant;

*Whitaker, Himes & Whitaker*, for Appellees.

WHITFIELD, P. J.—In proceedings taken under the statute, the Circuit Court denied a petition to validate bonds to be issued by the City of Bradentown "for the reason that it appears to the Court that the purpose of the proposed bond issue is for the primary benefit of a private enterprise and is not primarily for the benefit of the public."

The city appealed.

The Constitution contains the following:

"The Legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. When any municipality shall be abolished, provision shall be made for the protection of its creditors." Sec. 8, Art. VIII.

"The Legislature shall authorize the several counties and incorporated cities or towns in the State to assess and

impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxation." Sec. 5, Art. IX.

"No tax shall be levied for the benefit of any chartered company of the State, nor for paying interest on any bonds issued by such chartered companies, or by counties or by corporations, for the above-mentioned purpose." Sec. 7, Art. IX.

"No person shall be deprived of life, liberty or property without due process of law." Sec. 12 Declaration of Rights, Florida Constitution.

Section 8, Article VIII gives to the Legislature broad authority "to prescribe the jurisdiction and powers" of municipalities, but by necessary intendment the organic provision contemplates that the powers to be conferred upon municipalities shall conform to and not be in conflict with or violate any applicable provisions and principles of organic law. Brown v. Lakeland, 61 Fla. 508.

While the Courts will give due weight to a Legislative determination of what is a municipal purpose, yet where the purpose declared by statute to be such, may in fact be not a municipal purpose, or where the purpose may be by the constitution expressly or by implication excluded as a municipal purpose, or where the execution of the purpose may involve a violation of organic law, the courts will ultimately determine whether it is or is not a permissible municipal purpose, and in doing so will consider the pertinent facts that may be peculiar to the particular case as well as the controlling law in the premises. And while the Legislature may, within reasonable limitations, authorize a municipality to determine what is a municipal purpose, in order that peculiar facts affecting the particular matter may have due appreciation, yet the dis-

cretion or judgment of the municipality in the premises must accord with controlling provisions and principles of law, and acts done are subject to judicial review so that the law and not arbitrary or unreasonable municipal action shall control, to the end that private rights may be conserved as is required by law.

If the object designed is not a municipal purpose, it may either violate some specifically applicable provision of controlling law or its effect may be to deprive taxpayers of property without due process of law in violation of organic provisions.

It is contended that where the city is given power to purchase property for the establishment of public parks and play grounds and for any other municipal purpose that the city council may deem necessary, expedient or proper, and to issue bonds for any purpose named or for any municipal purpose authorized by the charter or general law, then the municipality may issue bonds under an ordinance authorizing it, "for the purpose of raising money for acquiring additional land, adjacent and contiguous to the present nine-hole golf course in Bradentown, Florida, to develop and construct on the land now owned and now used by the city as a golf course and the additional land to be acquired, an eighteen-hole golf course."

In view of the rule that the authority of municipalities to act and particularly to levy a tax must be made to clearly appear, and that doubts, if any, as to the power sought to be exercised must be resolved against the municipality, it is not evident that the power here sought to be exercised is contained within the stated powers conferred or within other general grants of power for municipal governmental purposes, the issuing of bonds to construct a golf course being more in the nature of a cor-

porate than of a governmental function. The powers of municipal governments must be exercised to conserve the interests of the inhabitants and taxpayers, and tax levies are legal only in so far as they are clearly authorized by law for proper public purposes.

To further a commendable policy in conserving the general welfare, of encouraging the development and use of the pleasure and health-giving attributes of the State that make Florida a blessing to residents and peculiarly attractive to those who live elsewhere, the Legislature might authorize municipalities, within appropriate limitations for the protection of taxpayers, to purchase and maintain golf courses to be impartially conducted in the interest of the local public, thereby declaring it to be a municipal purpose; but the judiciary should not be astute in deducing implications of such authority from general powers conferred upon municipalities, in order to pioneer in anticipation of express legislation.

By answer a taxpayer avers facts tending to show that the proposed bond issue and the resultant tax levy by the municipality are for the benefit of a private golf club which is a chartered company of the State, in violation of Section 7, Article X of the Constitution.

In this proceeding brought under statutory authority (Sections 3296-3302 Revised General Statutes) the Court is expressly authorized "to determine" the authority of the city to incur the bonded debt as well as "the legality of all proceedings had or taken in connection therewith." The Circuit Judge had the power herein to determine whether the issuing of the bonds would involve a tax levy for the primary or direct benefit of a chartered company of the State, in violation of the Constitution, and his adjudication refusing to validate the bonds cannot be said

on this record to be an abuse of judicial discretion or power.

Affirmed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.