STATE v. THE BOARD OF PUBLIC INSTRUCTION, DADE COUNTY.

170 So. 602.
Division B.
Opinion Filed November 13, 1936.

*George A. Worley,* for Appellant;

*Peters & Kemp,* for Appellee.

TERRELL, J.—This is a suit to validate a single issue of refunding bonds to take the place of four issues of outstanding bonds executed by appellee, as Board of Public Instruction of Dade County, dates, amounts, and authority therefor as follows: Issue Number One, $100,000.00, authority of Chapter 8014, Special Acts of 1919, dated September 1, of that year. Issue Number Two, $175,000.00, dated July 1, 1923, and Issue Number Three, $125,000.00, dated November 1, 1924, both said issues being on authority of Chapter 9414, Special Acts of 1923. Issue Number Four, $750,000.00, authority of Chapter 12646, Special Acts of 1927, dated June 1, of that year.

Issues One, Two, and Three were for the purpose of paying outstanding indebtedness of appellee incurred in operating the public schools of Dade County as evidenced by warrants or other obligations executed by it. Issue Number Four was for the purpose of paying an indebtedness incurred by appellee in repairing and furnishing public school buildings in Dade County damaged or destroyed by the hurricane in 1926.

On May 1, 1934, there was outstanding and unpaid on the foregoing bond issues, bonds, warrants, and coupons in the total sum of $605,000.00. For the purpose of refunding that amount the Board of Public Instruction, on April 15, 1934, adopted the appropriate resolution and proceeded, as authorized by Chapter 15772, Acts of 1931, better known as the Refunding Act of 1931.

Based on the facts as thus alleged, appellee, on April 21, 1936, filed its petition in the Circuit Court to validate the refunding bonds as proposed. Order to show cause was issued and served as required, notice to citizens and taxpayers was published, and the State's attorney filed his answer in which he challenged the validity of the refunding bonds on the ground that the original bonds were issued in violation of Section Eight and other sections of Article Twelve of the Constitution, that some of them have been reduced to judgment and cannot be refunded, and that the Board of Public Instruction was not a taxing district or such other governmental entity as was contemplated by Chapter 15772, Acts of 1931.

To support its challenge as being in conflict with Section Eight and other sections of Article Twelve of the Constitution, appellant relies on Barrow v. Moffett, 95 Fla. 111, 116 So. 71; Board of Public Instruction of LaFayette County v. Union School Furnishing Co., 100 Fla. 326, 129 So. 824; Leonard v. Franklin, 84 Fla. 402, 93 So. 688; and State v. Board of Public Instruction of Indian River County, 98 Fla. 1152, 125 So. 357.

The case at bar may easily be distinguished from the foregoing cases. Barrow v. Moffett involved the interpretation of Chapter 12844, Special Acts of 1927, and while the opinion might be clearer on that point, the Act was held invalid on the theory that it authorized the issuance of bonds for the purpose of paying teachers' salaries and other current expenses of the public schools that should have been contemplated and paid from the annual tax levy for county school purposes as provided by Sections Eight and Nine of Article Twelve of the Constitution.

State v. Board of Public Instruction of Indian River County involved the interpretation of Chapter 14550, Spe-

cial Acts of 1929, which was in content and purpose similar to Chapter 12844, Acts of 1927, involved in Barrow v. Moffett, and was disposed of on authority of the latter case, the Court holding that the Constitution contemplates an annual budget of county school expenditures to be paid from the county school fund, and does not contemplate that interest bearing time warrants or bonds shall be issued and sold to raise county school funds, "for the support and maintenance of public free schools."

Board of Public Instruction of LaFayette County v. Union School Furnishing Co. was a case instituted to reform some notes executed by the Board of Public Instruction to bring them within the provisions of Chapter 8549, Acts of 1921, Section 577, Compiled General Laws of 1927. The Court held on authority of Barrow v. Moffett, State v. Board of Public Instruction of Indian River County, and Leonard v. Franklin, that the notes sought to be reformed were in their inception affected with constitutional invalidity and being so the Legislature could not validate them.

In Leonard v. Franklin this Court held Chapter 8639, Acts of 1921, bad because it authorized the Board of Public Instruction of Calhoun County to issue interest bearing coupon warrants to construct high school buildings in certain special tax school districts of the county and provided for the payment of said warrants from the general school fund of the county. The theory of the Court was that the buildings proposed to be constructed should have been constructed by bonds of the special tax school districts as provided by Section Seventeen of Article Twelve of the Constitution.

In the case at bar the bonds sought to be refunded constitute the residue of the four issues heretofore enumerated,

including accrued interest and coupons unpaid thereon, viz.: Amount due on issue dated September 1, 1919, $83,000.00; Amount due on issue dated July 1, 1923, $109,000; Amount due on issue dated November 1, 1924, $49,000.00; Amount due on issue dated June 1, 1927, $364,000.00; the purpose and authority for each of said issues being more specifically defined in the forepart of this opinion, but none of them are shown to have been issued for current expenses such as were involved in Barrow v. Moffett. This Court and the Federal Courts have upheld the validity of bonds issued for similar purposes.

In Warren v. Board of Public Instruction of Hillsborough County, 86 Fla. 254, 97 So. 384, we upheld the provisions of Chapter 9464, Special Acts of 1923, authorizing Hillsborough County to issue interest bearing coupon warrants for the purpose of enlarging and furnishing a high school building in Tampa, said warrants to be paid in fifteen years from the county school funds provided by Sections Eight and Nine of Article Twelve of the Constitution.

In State, ex rel. Bours, v. L'Engle, 40 Fla. 392, 24 So. 539, this Court struck down Chapter 4602, Special Acts of 1897, authorizing Duval County to issue bonds, purchase sites, construct, furnish, and repair school buildings, on the ground that said bonds were made general obligations of the county. The Court intimated that if the taxes to pay interest and sinking fund on said bonds had been made a part of the school levy of the county the Act might have been upheld.

In Savage v. Board of Public Instruction of Hillsborough County, 101 Fla. 1362, 133 So. 431, this Court upheld Chapter 12847, Special Acts of 1927, authorizing the Board of Public Instruction of Hillsborough County to borrow money during any one year and issue interest bearing time

warrants therefor payable from the district school taxes of the county, such loans to be by consent of the special tax school districts and not to exceed eighty per cent. of the district school taxes of the district at the time levied.

In Board of Public Instruction of Okaloosa County v. Kennedy, 109 Fla. 153, 147 So. 250, this Court approved the payment of current or past due obligations from the county school fund if made solely for the support and maintenance of public free schools. The payment in this case was for the transportation of school children.

In National City Bank of New York City v. Board of Public Instruction for Manatee County, Florida, 11 Fed. Supp. 570; Board of Public Instruction for Polk County, Florida, v. Gillespie, and Fidelity Life Association v. Board of Public Instruction for Martin County, Florida, 81 Fed. (2d) 586, the United States District Court for the Southern District of Florida and the Circuit Court of Appeals for the Fifth Circuit upheld Chapter 13296 and Chapter 13072, Special Acts of 1927, authorizing the Boards of Public Instruction of Polk and Martin Counties to issue bonds extending over a period of years for the purpose of funding their outstanding indebtedness.

A careful analysis of the two lines of decisions as thus cited and discussed, will easily disclose the basis of distinction between them. The Acts involved in Barrow v. Moffett and other cases relied on by appellant were stricken down because they proposed to pay the current operating expenses of the public schools with bonds in clear violation of the scheme set up for their support in Article Twelve of the Constitution, while no such objection could be sustained to the Act involved in Warren v. Board of Public Instruction of Hillsborough County and kindred cases. In National City Bank of New York City v. Board of

Public Instruction for Manatee County and Board of Public Instruction for Polk County v. Gillespie, *supra,* the Federal Court in effect announced that in making the distinction between these two lines of cases we wrote an implied limitation in Article Twelve that its words did not warrant.

We do not take issue with this pronouncement of our brethren from the Federal Bench except to state that a more accurate knowledge of the history and purpose of Article Twelve would doubtless have led them to a different conclusion. Article Twelve was adopted in 1885 when Florida had little more than a quarter million people and there were no municipalities of as many as ten thousand people. At that time schools were built in the towns by private subscription and in the country some patron or other person would donate the lot, the Board of Public Instruction would furnish the material, and the patrons would appoint a day to meet and "raise" the schoolhouse. When adopted, Article Twelve provided only for present needs which were primarily current expenses. The question of future growth and needs were left to be provided for by amendment and at least seven amendments have been added for that purpose.

This Court early construed Article Twelve to provide a complete scheme for the support and maintenance of public free schools in the various counties of the State. State, *ex rel.* Bours, v. L'Engle, *supra;* Board of Public Instruction for Santa Rosa County v. Croom, 57 Fla. 347, 48 So. 641; Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716.

As originally adopted, Sections Four, Six, Eight, and Nine of Article Twelve created and provided for the distribution and use of a general county school fund. Sections Ten and Eleven provided for the incorporation of special tax school districts, the election of trustees therein,

and the collection of an additional tax in said districts to be used exclusively for public free schools within the district where collected. Section Eleven extended its use to building and repairing schoolhouses, for the purchase of libraries and text books, salaries of teachers, or for other educational purposes within the district.

In 1912, the demand for school facilities having increased so greatly, Article Twelve was amended by the addition thereto of Section Seventeen which authorized special tax school districts to issue bonds for the exclusive use of public free schools within the district. Section Seventeen was amended in 1924 in certain details not material here. Section Seventeen was not self-executing. The Act making it effective, Chapter 6542, Acts of 1913 (Section 579, *et seq.,* Revised General Statutes of 1920, Section 720, *et seq.,* Compiled General Laws of 1927, written by the writer of this opinion) was limited to "acquiring, building, enlarging, furnishing, or otherwise improving school buildings or school grounds or for any other exclusive use of public free schools."

By its terms the use of funds raised under Article Twelve is limited "solely" and "exclusively" to public free school purposes. The consistent practice has been to use the county school fund for current maintenance purposes, the special tax school district fund raised by Section Ten for maintenance, building, repair, library, and text book purposes, and the funds raised by Section Seventeen for interest and retirements on bonds for building, furnishing or otherwise permanently improving school buildings and grounds. Such a practice was the inevitable result of directions incorporated in Article Twelve as originally adopted and as amended from time to time to meet the demands of the public school system.

The power of the Legislature is inherent, though it may be limited by the Constitution. The Legislature, therefore, looks to the Constitution for limitations on its power and if not found to exist its discretion reasonably exercised is the sole brake on the enactment of legislation. Article Twelve limits the use of funds raised thereunder to public free school purposes, but the county school fund and the special tax school district funds are not limited in the same degree.

It would be competent for the Legislature to direct the use and appropriation of the county school fund so long as done "solely for the support and maintenance of public free schools," but the Legislature is without power to appropriate general county funds for school purposes, or to appropriate county school funds for buildings in special tax school districts, or to appropriate special tax school district funds for general county purposes, and is without power to direct the use or appropriation of special tax school district funds raised under Section Seventeen of Article Twelve. It may define and provide means for directing the use of such funds, but whether or not the means provided will be availed of rests with the freeholders residing in the district. When the tax is approved by the freeholders as provided in Section 720, *et seq.,* Compiled General Laws of 1927, the Legislature is without power to appropriate it for another school purpose, but this rule does not necessarily apply to the tax provided in Section Ten. The tax raised by the latter section must also be approved by the freeholders, but it is approved for general school purposes and may be expended by the trustees of the district in conjunction with the County Board of Public Instruction or it may be expended by them for public school purposes as the Legislature may direct.

From these sources Boards of Public Instruction are afforded a logically consistent scheme for maintaining the public school system of the counties for the term and in the manner the law directs. In the main the county school fund must be used for current operating expenses, the special tax school district fund provided by Section Ten for current operating expenses, buildings, repairs, and libraries within the districts, and the special tax school district fund provided by Section Seventeen for buildings, furnishings, and permanent improvements. The latter fund might be voted for other school purposes, but when voted the Legislature is powerless to otherwise direct it. As to county school funds and special tax school district funds provided by Section Ten, the Legislature may authorize their use for school purposes in the manner done in Warren v. Board of Public Instruction of Hillsborough County, *supra,* and kindred cases, provided the operation of the public school term is not unduly hampered or interfered with in doing so. If not pledged for other purposes the Board of Public Instruction has implied authority to use these funds for buildings, repairs, permanent equipment, and other school purposes. Logan, Administrator, v. Board of Public Instruction of Polk County, 118 Fla. 184, 158 So. 720.

The Act involved in Barrow v. Moffett, *supra,* was stricken down for indefiniteness and failure to conform to this rule. The Act involved in Warren v. Board of Public Instruction of Hillsborough County, *supra,* was within this rule and was upheld. The bonds in question were made payable from school funds provided by Section Eight of Article Twelve of the Constitution, no budgetary or other requirements are alleged to have been violated, it is not charged or shown that their payment will materially disturb the operation of the public schools, and the proceeds are shown

to have been used for public school purposes. It follows that the challenge to the validity of the original bonds is not sustained.

It appears further that Issues Two, Three, and Four were validated by decree of the Circuit Court, have long since passed into the hands of innocent purchasers for value, and since they are shown to have been issued for school purposes they cannot now be .questioned. Section Four, Chapter 6868, Acts of 1915; Section 5109, Compiled General Laws of 1927; Little River Bank & Trust Co. v. Johnson, 105 Fla. 212, 141 So. 141; Sparks v. Ewing, 120 Fla. 520, 163 So. 112; Board of Public Instruction for Dade County v. State, *ex rel.* Tanger Investment Co., 121 Fla. 703, 164 So. 697; State, *ex rel.* Fidelity Life Association, v. City of Cedar Key, 122 Fla. 454, 165 So. 672. Issue Number One was such an obligation as was contemplated by and was validated by Section 577, Compiled General Laws of 1927, Chapter 8549, Acts of 1921.

The second question with which we are confronted is whether or not such portion of the bonds under attack as have been reduced to judgment can be refunded under Chapter 15772, Acts of 1931.

It is admitted that a portion of the bonds dated June 1, 1927 (Issue Number Four) have been reduced to judgment. The contention is that upon the entry of the judgment on these bonds they merged therein, that they were thereby extinguished and lost their identity as bonds and ceased to constitute a debt subject to be refunded under Chapter 15772, Acts of 1931.

The purpose of Chapter 15772, Acts of 1931, was to enable overburdened, debt-ridden political entities to re-finance and spread their obligation over a period of years at a lower rate of interest if possible. Even if the bonds

sued on merged into the judgment when the latter was entered, this in no way impedes or intercepts the benefits accorded under the refunding Act. (Chapter 15772, Acts of 1931.)

The practical effect of the decree validating the refunding bonds is to hold that they are valid obligations of the Board of Public Instruction in the hands of the holders when exchanged for the original bonds, but they are of no higher dignity nor are they clothed with any better security than the original bonds. The holder of bonds reduced to judgment may exchange them or his judgment for refunding bonds in the same manner that other holders may and there is no showing whatever that he is averse to doing so.

The third and last question argued is whether or not a County Board of Public Instruction is such a taxing district as may refund its bonds under Chapter 15772, Acts of 1931.

This question is answered by Section Two of Chapter 15772, Acts of 1931, the pertinent part of which is as follows:

"Each county, city, town, special road and bridge district, special tax school district, and other taxing districts in this State herein sometimes called a unit, is hereby authorized to issue, pursuant to a resolution or resolutions of the governing body thereof (meaning thereby the board or body vested with the power of determining the amount of tax levies required for taxing the taxable property of such unit) * * *."

The powers and duties of Boards of Public Instruction are generally prescribed by Paragraph Thirteen of Section 561, Compiled General Laws of 1927. Other duties may be prescribed by statute. The bonds here sought to be refunded were authorized by statute which has been held

herein to be binding and within the power of the Legislature to enact.

In the matter of fixing the millage for interest and sinking fund on these bonds the power of the Board of Public Instruction is clear. It is also authorized to prepare on or before the first Monday in June of each year an itemized estimate showing the amount of money required for the maintenance of the necessary common schools of the county for the next ensuing scolastic year, stating the amount in mills on the dollar of taxable property in the county which shall not be less than three nor more than ten mills, and to furnish a copy to the assessor of taxes. Neither the assessor nor the Board of County Commissioners is authorized to revise the decision of the Board of Public Instruction. Tomasello v. Board of Public Instruction for Santa Rosa County, 55 Fla. 341, 45 So. 886; State, *ex rel.* Board of Public Instruction for Monroe County, v. Bervaldi, *et al.,* 103 Fla. 902, 138 So. 380.

The Board of Public Instruction directs the public school policy of the county, finances the public schools, issues all bonds for special tax school districts, and in a large measure directs their policy, is a body corporate, and performs other duties imposed on it by statute. As shown by this opinion, Boards of Public Instruction have been frequently authorized to issue bonds and have been held responsible for their payment.

We think, therefore, that it may appropriately be termed a "county" or by application of the doctrine of *ejusdem generis* it may be an "other taxing district" as contemplated by Chapter 15772, Acts of 1931.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.