STATE v. BOARD OF PUBLIC INSTRUCTION of Sarasota County, etc.

176 So. 96.
Opinion Filed September 8, 1937.

*Sumter Leitner,* State Attorney, for Appellant;
*John L. Early,* for Appellees.

TERRELL, J.—The Legislature, by Chapter 8515, Acts of 1921, created Sarasota County from territory formerly belonging to Manatee County. Pursuant to Section Eighteen of Chapter 8515, the Board of Public Instruction of Sarasota County met with the Board of Public Instruction of Manatee County and agreed on an equitable division between the two counties of the surplus school funds, school supplies, school equipment, and other school property held by Manatee County. Agreement was also reached as to what prorata share of the indebtedness of the Board of Public Instruction of Manatee County should be assumed and paid by the Board of Public Instruction of Sarasota County.

As to the latter item, it was agreed that the indebtedness of Manatee County consisted of bonds and time warrants outstanding in the sum of $340,000, that said indebtedness was incurred in the construction of school buildings and in making other authorized expenditures necessary to operate the public schools of the county, that of said amount, Sara-

sota County's part was $141,343, which with Manatee's part was represented by bonds issued by the latter county under Chapter 9597, Acts of 1923, September 1, 1923, Sarasota County issued bonds to take care of its part of said indebtedness.

In March, 1937, the Board of Public Instruction of Sarasota County instituted this suit by filing its petition in the Circuit Court to validate refunding bonds in the sum of $165,000, for the purpose of refunding the bonds it had issued September 1, 1923, to pay its prorata share of the indebtedness of Manatee County, the original indebtedness having grown to this amount on account of interest accumulation.

In response to the order to show cause why these bonds should not be validated, the State filed an answer and moved to dismiss the petition to validate. Testimony was taken and on final hearing, the motion to dismiss was overruled and a final decree was entered validating the bonds. This appeal is from the final decree.

It is contended first that in view of Coachman v. State, *ex rel.* Hackney, 66 Fla. 274, 63 So. 425, the original and refunding bonds were fatally defective because the original bonds were issued immediately and the proceeds placed in the county depository to be drawn on from time to time to pay Manatee County as the indebtednes matured.

In so far as applicable to this case, we interpret the doctrine of Coachman v. State, *ex rel.* Hackney, *supra,* to hold that while Section Three of Article Eight of the Constitution requires Sarasota County to assume its prorata part of the debt of Manatee County, the manner, time and other details of payment is a matter that may be arranged and settled as the necessities and conveniences of the counties shall see fit. No fraud or mismanagement is charged in

the manner in which the indebtedness was handled and we find no illegality in it.

It is next contended that the refunding bonds now sought to be validated are fatally defective because neither they nor the original bonds which they take the place of, nor the resolution authorizing their issue expressly states the millage that should be levied for their payment.

Chapter 9597, Acts of 1923, authorizing the issue of the original bonds requires that the resolution for their issue state as a determination of the Board of Public Instruction the amount of money required annually for interest and sinking fund to retire the bonds. This requirement was complied with. Neither the statute nor the Constitution requires the millage necessary to produce the amount required to be stated. The statute further limited the levy for interest and sinking fund to funds derived under Section Eight of Article Twelve of the Constitution.

It is further contended that the Board of Public Instruction is not a county or other taxing district as contemplated by Chapter 15772, Acts of 1931, authorizing the issue of refunding bonds, that if issued, the bonds in question are in violation of Sections Eight and Nine of Article Twelve of the Constitution and will not constitute an obligation of the county of equal dignity with the bonds they seek to refund.

These questions have been carefully considered and in our view, they are fully answered by the recent decision of this Court in State v. Board of Public Instruction of Dade County, 126 Fla. 142, 170 So. 602. See also Warren v. Board of Public Instruction of Hillsborough County, 86 Fla. 254, 97 So. 384.

The questions in this case were further concluded when the Board of Public Instruction of Manatee County met

with the Board of Public Instruction of Sarasota County and determined Sarasota's prorata part of the indebtedness of Manatee County. Having been done as required by Section Three of Article Eight of the Constitution, Sarasota's part became a debt to Manatee County under the Constitution which it was required to pay from the school funds of the county.

There is no charge of fraud or bad faith or that the indetedness was not prorated between Manatee and Sarasota Counties as required by Section Three of Article Eight of the Constitution of Florida. It is agreed that all the indebtedness was incurred for legitimate school purposes. Under such a showing this Court will not question the determination of the Boards of Public Instruction in a proceeding to validate.

It follows that the judgment below must be and is hereby affirmed.

Affirmed.

BROWN, BUFORD and CHAPMAN, J. J., concur.