J. D. Bryan, Intervenor, v. Board of Public Instruction, Broward County

195 So. 697
En Banc
Opinion Filed April 30, 1940

692

*Abbott & Smith,* for Appellant;

*John D. Kennedy* and *Julian E. Ross,* for Appellee.

TERRELL, C. J.—Appellee files its petition in the Circuit Court to validate an issue of refunding bonds designated as Series A. The required notice to citizens and taxpayers was given and the State Attorney answered the petition. The appellant was permitted to intervene and answer the petition. Evidence was taken and on final hearing a decree of validation was entered. This appeal is from the final decree.

The question presented is whether or not Chapter 12556, Acts of 1927, is rendered invalid by reason of the fact that the title fails to make mention of the provision for referendum contained in the body of the Act.

There is no merit to this contention; the title has been examined and found ample to put the world on notice as to the contents of the Act. It appears further that the original bonds were issued and validated for the purpose of funding an outstanding indebtedness of appellee. The refunding bonds are proposed for purposes contemplated by Chapter 15772, Acts of 1931, and are valid obligations regardless of any relation they may bear to Chapter 12556, Acts of 1927. State v. Board of Public Instruction of Dade County, 126 Fla. 142, 170 So. 602.

The pronouncement as to validity is subject to the express provision that the payment of principal and interest of said bonds is limited to the definite portion of the special tax of not exceeding ten mills authorized to be levied under Sec-

tion 8 of Article XII of the Constitution of Florida, and the use of any other portion of the general school fund of Broward County for the purpose of payment of principal and interest on the refunding bonds, including refunding expenses, is not authorized, unless approved by a vote of the people, as required by Section 6, Article IX, of the Constitution. Chapter 12556, Acts of 1927, limits the payment of principal and interest of such bonds to such available fund. Whether the obligations are now in the form of bonds and interest coupons or judgments, they must be disbursed on authority and order of the Board of Public Instruction.

The judgment appealed from is affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.