QUESTION: Does the City of Marianna have the authority to buy or lease property outside municipal boundaries for the purpose of operating a golf course or other recreational facility thereon?
SUMMARY: The City of Marianna may buy or lease property outside municipal boundaries for the purpose of operating a golf course or other recreational facility thereon. Section 418.02, F.S., provides in pertinent part that a . . . municipality or county may, in such manner as may now or hereafter be authorized or provided by law for the acquisition of lands or buildings for public purposes by said municipality or county, acquire or lease lands or buildings, or both, within or beyond the corporate limits of such municipality or county, for playgrounds, recreation centers and other recreational purposes . . . . (Emphasis supplied.) Operation of a golf course has been held to be a "recreational purpose" within the purview of this provision. See State v. Village of North Palm Beach, 133 So.2d 641 (Fla. 1961). Thus, it appears that the City of Marianna may purchase or lease property outside its municipal boundaries for the purpose of operating a golf course or other recreational facility thereon. Moreover, although there is no specific provision provided in general law which establishes the procedure by which municipalities acquire or lease lands and buildings for public purposes, I am of the opinion that this procedure is placed within the reasonably exercised discretion of the governing body of the City of Marianna by the Municipal Home Rule Powers Act, Ch. 166, F.S. Finally, it should be noted that a facility which is not to be used for a public recreational purpose will not qualify as a recreational facility. See State v. Village of North Palm Beach, supra; Burnham v. Davis Islands, Inc., 87 So.2d 97 (Fla. 1956); AGO 073-309. If such facility is open to the public, however, I perceive no obstacle to charging a reasonable admission fee necessary to defray the costs of its operation. Cf. AGO 058-339.