STATE v. CITY OF TALLAHASSEE.

170 So. 897.

Opinion Filed November 21, 1936.

*Orion C. Parker, Jr.,* State Attorney, for Appellant; *James Messer, Jr.,* City Attorney, for Appellee.

DAVIS, J.—Appeal has been taken to this Court from the following decree entered by the Circuit Court of Leon County in a bond validation proceeding prosecuted to judgment under Sections 5106-5111 C. G. L., 3296-3302 R. G. S.:

"This cause coming on to be heard on the 3rd day of October, A. D. 1936, at the hour of ten o'clock A. M., of

said day at the Circuit Court room in the Court House in the City of Tallahassee, in the County of Leon, in the Second Judicial Circuit of the State of Florida, upon the Petition of the City of Tallahassee, Florida, for the validation of $50,000.00 of Four Per Centum (4%) Refunding Bonds of 1936, of the said City of Tallahassee, pursuant to an order heretofore issued by the Court against the State of Florida requiring it through its State Attorney for the Second Judicial Circuit of Florida to show cause at the said time and place why the said bonds should not be validated and confirmed as prayed in said Petition, and it appearing that copies of said Order to cause and Petition were duly served upon said State Attorney as required by law and that notice of said hearing directed to the taxpayers and citizens of said City of Tallahassee was published as required by law, and it further appearing that the said State Attorney has filed an answer as required by law and that no one other than said State Attorney and said City of Tallahassee has made any appearance or filed any pleadings or paper of any kind whatsoever in said proceeding, and evidence having been introduced and the cause submitted for consideration and decision; and the Court having heard and determined all questions of law and of fact in said cause, finds the facts as follows:

"(a) That all the material allegations in said Petition for validation are true and that said $50,000.00 of Four Per Centum (4%) Refunding Bonds of 1936 have been legally authorized.

"(b) That the bonds to be refunded were duly and legally issued by the City of Tallahasse, Florida, in the years 1910 and 1912 under the authority of and in full compliance with the Constitution and laws of the State of Florida, and ever since their issuance said bonds have constituted and

do now constitute valid subsisting bonded indebtedness of said City.

"(c) That homesteads within the meaning of added Section 7 of Article X of the Constitution of the State of Florida, adopted at the General Election held on the 6th day of November, A. D. 1934, constitute a large percentage of the property values in the City of Tallahassee.

"As conclusions of law from the foregoing facts, the Court finds:

"1. That the General Refunding Act of 1931, being Chapter 15772, Laws of Florida, Acts of 1931, and Section 6 of Article IX of the Constitution of the State of Florida, as amended in 1930, fully authorized the issuance of said $50,000.00 of Four Per Centum (4%) Refunding Bonds of 1936, and that their issuance has been duly provided for by an ordinance properly adopted by the City Commission of said City.

"2. That under the Constitution and laws of the State of Florida in force at the time of the issuance of the bonds to be refunded, homesteads were subject to taxation for the payment of principal and interest of said bonds and taxes levied for such purposes were required to be paid in cash and at the same time and in the same manner as taxes levied for operating expenses of the City, such requirements pertain to the character and extent of the legal obligation of the bonds and constitute an important part of the contract with the bondholders.

"3. That said Four Per Centum (4%) Refunding Bonds of 1936 will merely evidence an extension or renewal, in a new form, of the original existing indebtedness, which original indebtedness is not extinguished by, but is merged into, the refunding bonds with like force and effect as to

obligation as if the original bonded indebtedness had remained unrefunded by the issuance of such refunding bonds.

"4. The questions presented in the answer of the State Attorney are properly before the Court for adjudication in this proceeding and it is the judgment of the Court that:

"(1) Homesteads will be subject to taxation for the payment of the refunding bonds, and the only property in the City which will not be subject to the levy of taxes to pay the obligations evidenced by the refunding bonds, is such property as would be exempt from taxation under the provisions of the laws and Constitution which were in force and effect at the time of the issuance of the original bonds;

"(2) Taxes levied for the payment of the principal of and interest on the refunding bonds must be levied and collected at the same time and in the same manner as the taxes levied for operating expenses of the City;

"(3) Such taxes cannot be paid in bonds or interest coupons;

"(4) The refunding bonds will not be affected by the provisions of Chapter 16965, Laws of Florida, Acts of 1935, nor by any other Act of the Legislature of Florida which impairs the obligations of the contract evidenced by the bonds refunded;

"(5) That the form and method of giving notice of intention to redeem the outstanding bonds refunded by filing a copy of said notice of intention to redeem with the paying agent or agents named in the bonds called for redemption and payment, or their successors, and by publishing said notice once a week for four (4) consecutive weeks in the Daily Democrat, a newspaper regularly published and in general circulation in the City of Tallahassee, Florida,

and in a newspaper or financial journal regularly published in the City of New York and in a newspaper or financial journal regularly published in the City of Chicago, Illinois, the filing and first publication of said notice to be not less than thirty (30) days from the date fixed for the redemption of the bonds proposed to be redeemed, is sufficient notice to the holders of said bonds of the intention of the City to call said bonds for redemption and payment and does not deprive the holders of said outstanding bonds of their property within due process of law;

"(6) That from and after the date proposed to be fixed for the redemption and payment of the said bonds to be redeemed, the City will not be liable for interest upon any of the bonds called for redemption and payment accruing on any of said bonds after said redemption date.

"It is, therefore, ORDERED, ADJUDGED and DECREED that the said $50,000.00 of Four Per Centum (4%) Refunding Bonds of 1936, of the City of Tallahassee, hereinafter more particularly described, be and the same are hereby validated and confirmed.

"All of said bonds are dated November 1, 1936, bear interest at the rate of four per centum (4%) per annum, payable semi-annually on the first days of May and November of each year, and mature annually without option of prior payment as follows: $5,000.00, 1939; $5,000.00, 1940; $5,-000.00, 1941; $5,000.00, 1942; $5,000.00, 1943; $5,000.00, 1944; $5,000.00, 1945; $5,000.00, 1946; $5,000.00, 947, and $5,000.00, 1948. Both principal and interest of said bonds are payable at the Chemical Bank and Trust Company in the City of New York and State of New York in lawful money of the United States of America.

ORDERED, ADJUDGED and DECREED in open Court at the Court House in the City of Tallahassee, County of Leon, and State of Florida, this 3rd day of October, A. D. 1936.

> "(Signed) J. B. JOHNSON,
> "Judge of the Circuit Court of the
> Second Judicial Circuit of Florida,
> in and for Leon County. "

With the exception of one question, that is peculiar to the case at bar, all propositions of law raised and argued in the present case are controlled by what was decided in our recent case of State of Florida v. City of Orlando, 126 Fla. 251, 170 Sou. Rep. 887 (opinion filed at the present term), where the validation of Orlando refunding bonds under like circumstances to the bonds involved in this case, was approved and the decree of validation affirmed.

The bonds proposed to be called, redeemed and refunded in the present case provide for their call and redemption before maturity at the option of the City of Tallahassee, but the bonds themselves contain no provision as to the nature, character or extent of the notice to be given in order to make the call and redemption effective. The Circuit Court in its decree appealed from in this case, has approved as sufficient and reasonable, a thirty days' notice to be accomplished by publication of the same in newspapers regularly published in the City of Tallahassee, New York and Chicago, respectively, and filed with the paying agent named in the bonds to be redeemed. The question arising, therefore, is whether or not a thirty days' notice so published and filed as hereinabove mentioned, is legally sufficient notice of the exercise of the City of Tallahasse of its option to call and redeem the bonds that it proposes to refund, so as to make the issuance of refunding bonds under Chapter 15772, Acts of

1931, valid for the purpose for which they are proposed to be issued and sold.

We think the sufficiency of the notice provided to be given must be affirmed on the authority of the following cases that have been decided on this point in other jurisdictions. See: City of Spartanburg v. Leonard, 180 S. C. 491, 186 S. E. Rep. 395 (decided June 10, 1936); Territory, *ex rel.* Jones, v. Hopkins, 9 Okla. 133, 59 Pac. Rep. 976; Stewart v. Henry County, 66 Fed. 127. *Contra:* Hinds County v. National Life Ins. Co., 104 Miss. 104, 61 Sou. Rep. 164.

Where municipal bonds are, by their provisions, made callable for redemption prior to their maturity, at the option of the obligor municipality, and no method of giving notice of the exercise of such option is specified in the bonds, we think that a reasonable notice is all that is required, the question of the form and time of such notice being a justiciable question to be decided upon the facts and circumstances of the case, having in mind the knowledge imputable to the bondholder that his bonds are subject to the exercise of a power to call them for redemption at a time in advance of their normal maturity and that the only practicable way of making known the exercise of the redemption privilege is by giving notice of it by publication for a reasonable period and filing a copy of the notice with the paying agency through which the bondholder must receive his periodical payments of interest installments. Such is the holding of the better reasoned cases on the subject, as above cited, and with such holding we find our own views in accord.

It follows that the decree appealed from was entered in accordance with the applicable law, and it is therefore considered, adjudged and decreed by this Court that the Circuit Court's validation decree, in manner and form as en-

tered, and herein appealed from be and the same is hereby affirmed, and that mandate in conformity with this judgment of the Supreme Court do issue within ten days as provided for by Section 5108 C. G. L., Chapter 11854, Sections 1, 2, Acts 1927, if no petition for rehearing has been filed within that period.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL and BROWN, J. J., concur.