STATE and G. I. RIDGEWAY v. CITY OF DAYTONA BEACH.

171 So. 816.

Case D.

Opinion Filed December 31, 1936.

*Ray Selden,* for Appellants;

*Leon J. C. Harton,* for Appellee.

DAVIS, J.—This case involves the validation of $1,109,-000.00 refunding bonds, issue of 1936, Series "D," of the City of Daytona Beach dated July 1, 1936, pursuant to validation proceedings instituted in the court below by the City of Daytona Beach as petitioner, against the State of Florida as defendant. See: Secs. 5605 C. G. L., 3296 R. G. S. The Circuit Court held the bonds to be valid in manner and form as provided to be issued and the State of Florida has appealed from that decree.

Said $1,109,000.00 refunding bonds, issue of 1936, Series "D," dated July 1, 1936, merely evidence an extension or renewal in a new form of the existing bonded indebtedness issued by the former City of Daytona, now Zones 3 and 4 of said city, said Zones 3 and 4 comprising the identical territory as the former City of Daytona existed at the time of the enactment of Chapter 10466, Special Acts of 1925,

the original indebtedness being merged into the refunding bonds with like force and effect as to obligation as if the original bonded indebtedness had remained unrefunded by the issuance of said refunding bonds. It appears by the pleadings and proceeding shown of record that the said issue of refunding bonds have been legally authorized and that none of the objections interposed to the validation of tthe same are well taken, whether interposed by the State of Florida or by the appellant Ridgeway as an intervening taxpayer.

The law of this case is in all respects the same as we have held applicable in the companion case of State of Florida, *et al.,* v. City of Daytona Beach, 126 Fla. 728, 171 Sou. Rep. 814, where we considered and upheld the validity of an issue of refunding bonds designated in said proceedings as Series "A," issue of 1936. We therefore uphold the present decree upon the autthority of that decision and the cases cited in the opinion therein filed.

It is therefore considered, adjudged and decreed by this Court that the Circuit Court's validation decree, in manner and form as entered and herein appealed from, be and the same is hereby affirmed, and that mandate in conformity with this judgment of the Supreme Court do issue within ten days as provided for by Section 5108 C. G. L., Chapter 11854, Sections 1, 2, Acts 1927, if no petition for rehearing has been filed within that period.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.