STATE and G. I. RIDGEWAY v. CITY OF DAYTONA BEACH.

171 So. 816.
Case C.
Opinion Filed December 31, 1936.

*Ray Selden,* for Appellants;

*Leon J. C. Harton,* for Appellee.

DAVIS, J.—On August 29, 1936, the City of Daytona Beach adopted a resolution authorizing the issuance of $282,100.00 refunding bonds for the purpose of refunding and exchanging a like amount of legal and valid outstanding bonds of the former town of Seabreeze, now Zone 2 of Daytona Beach. The resolution provided that said refunding bonds shall constitute obligations of the City of Daytona Beach, Florida, for the payment of which its full faith and credit is pledged and for which said City shall be obliged to levy valid taxes on all of the taxable property within the limits or territory of the former Town of Seabreeze, as such territorial limits existed at the time of the taking effect of Chapter 10466, Laws of Florida, Special Acts of 1925, said limits being identical with the limits of said Town of Seabreeze existing on the date of the passage of said Chapter. Numerous objections were raised in the court below, but the Circuit Judge entered a final decree validating the bonds, the objections to the contrary notwithstanding.

We have carefully examined the transcript of the record and find that the decree of the Circuit Court should be affirmed upon the authority of our decision in the companion case of State v. City of Daytona Beach, 126 Fla. 728, 171 Sou. Rep. 814, wherein was involved certain other bonds of the City of Daytona Beach described in the proceedings as Series "A," issue of 1936, refunding bonds of the City of Daytona Beach, and cases therein cited.

It is therefore considered, adjudged and decreed by this Court that the Circuit Court's validation decree, in manner and form as entered, and herein appealed from, be and the same is hereby affirmed, and the mandate in conformity with this judgment of the Supreme Court do issue within

ten days as provided for by Section 5108, C. G. L., Chapter 11854, Sections 1, 2, Acts 1927, if no petition for rehearing has been filed within that period.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.