STATE and G. I. RIDGEWAY v. CITY OF DAYTONA BEACH.

171 So. 814.

Case A.

Opinion Filed Deecember 31, 1936.

*Ray Selden,* for Appellants;

*Leon J. C. Harton,* for Appellee.

Davis, J.—The decree of the Circuit Court of Volusia County validated $1,275,500.00 refunding bonds, issue of 1936, Series "A," and in so doing held that the refunding bonds so validated merely evidenced an extension or renewal in a new form of the original bonded indebtedness and therefore that the refunding bonds so validated carried with them all of the rights, remedies and securities of the · bonds refunded in so far-as the same had been repledged in the authorizing resolution. An appeal from the final decree of validation brings the case to this Court for review.

In the light of the recent decisions rendered by this Court in regard to similar validation proceedings, no detailed comment or discussion of the propositions of law raised and argued of the present appeal is necessary. See: State v. City of Orlando, 126 Fla. 251, 170 Sou. Rep. 887; State v. City of Tallahassee, 126 Fla. 275, 170 Sou. 897.

We hold that the general refunding Act of 1931, being Chapter 15772, General Laws of Florida, as well as Chapter 15151, Special Laws of 1931, and Chapter 11855, General Laws of 1927, fully authorize the issuance of said $1,275,500.00 refunding bonds, issue of 1936, Series "A" of the City of Daytona Beach, dated July 1, 1936, and that their issuance has been duly authorized by a resolution adopted by the City Commission of the City of Daytona Beach, and that Section 6 of Article IX of the Constitution of Florida, as amended in 1930, has not been violated in the issuance of said refunding bonds, notwithstanding the fact that no election has been called or held to ratify or approve the same. Under said amended Section 6 of Article IX just referred to no such election is necessary where

the bonds proposed to be issued by a municipality are refunding bonds and simply renew and extend the obligation of the original debt, with no greater obligation than said original debt comprehended.

We hold in addition that under the Constitution and laws in force at the time of the issuance of the bonds to be refunded, homesteads were subject to taxation for the payment of principal and interest of said bonds and the taxes levied for such purposes were required to be paid in cash at the time and in the manner as taxes levied for the operating expenses of the city and that such requirements pertaining to the character and extent of the bonds and constituting an important part of the contract with the original bondholders may be lawfully renewed and extended to inure to the benefit of and be enjoyed by the takers of the refunding bonds, as has been held in the decisions last above cited.

We further hold that the City of Daytona Beach, under the statutes hereinbefore cited, was authorized to refund the bonds which have been reduced to judgment, inasmuch as the judgment is but a method of enforcing payment of past due bonded obligations and therefore within the intendments and purposes of the provisions of Florida law authorizing the refunding of bonded debts. State v. Board of Public Instruction, 126 Fla. 142, 170 So. 602.

We find no objection to the provisions of the refunding bond resolution to the effect that the city, during the first ten years said refunding bonds are outstanding, shall make provision for the payment of all interest that will accrue on said bonds during the ensuing six months, such provision being a mere incident to the prompt and punctual payment of the amounts of interest promised to be paid in and by said refunding bonds.

Other questions are raised and argued on the record and have been considered, but we find no occasion to reverse the decree of the Circuit Court that has decided them contrary to the arguments and contentions of the appellant as reflected by the pleadings and proceedings shown in the transcript of the record brought here on this appeal.

It is therefore considered, adjudged and decreed by this Court that the Circuit Court's validation decree, in manner and form as entered, and herein appealed from, be and the same is hereby affirmed, and that mandate in conformity with this judgment of the Supreme Court do issue within ten days as provided for by Section 5108 C. G. L., Chapter 11854, Sections 1, 2, Acts 1927, if no petition for rehearing has been filed within that period.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.