STATE v. TOWN OF HOLLY HILL.

174 So. 818.

Opinion Filed June 3, 1937.

*Murray Sams,* for Appellant;
*Louis Ossinsky* and *Horn & Ossinsky,* for Appellee.

TERRELL, J.—This appeal is from a decree validating refunding bonds proposed to be issued by Appellee in the sum of $320,000. Subsequent to the issuance of the original bonds and prior to the institution of this suit, some of the original bonds were reduced to judgment and the Legislature enacted Chapter 17556, Acts of 1935, materially reducing the territorial limits of the Appellee, the town of Holly Hill.

The first question we are importuned to answer is whether or not the territory eliminated from the town of Holly Hill by Chapter 17556, Acts of 1935, can now be required to pay a tax to meet interest and retirement of the refunding bonds or should such taxes be imposed only on the town as described by the latter Act.

The town of Holly Hill was created by Chapter 9775, Acts of 1923, and acts amendatory thereof. All the bonds sought to be refunded were issued under the latter Act and prior to the passage of Chapter 17556, Acts of 1935, reducing the limits of the town. No provision was made in the latter Act for taking care of the indebtedness and no question of benefits of or proper expenditure of the bond funds is raised in this case. There is no suggestion that the resources of the town after reduction of boundaries is ample to preserve the obligation of the bonds or that the portion eliminated was not proportionally benefitted with the present town.

Under such a showing, the town of Holly Hill as incorporated when the original bonds were issued is responsible for interest and retirement of the refunding bonds and the officers of said town are required to impose taxes on all the taxable property within the boundaries of the original town to pay interest on and retire the refunding bonds. Humphreys v. State, ex rel, Palm Beach Co., 108 Fla. 92, 145 So. 858.

In Folks v. Marion County, 121 Fla. 17, 163 So. 298, we held that refunding bonds were nothing more than renewals of the existing bonds on the same terms as to security, thereby carrying forward the identical obligation of the original bonds unless otherwise provided by the refunding bond contract or by the statute under which authorized. Such being the case, the refunding bonds brought in question are not affected by Chapter 17556, Acts of 1935, there being no purpose expressed in said Act to modify the obligation of said bonds.

The second question with which we are confronted is whether or not such portion of the original bonds as have been reduced to judgment can be refunded and whether or not the holders of refunding bonds purchased with or rep-

resented by the judgment are subrogated to all the rights of the holders of the original bonds on which the judgment was predicated.

This question was answered in the affirmative in State v. Board of Public Instruction for Dade County, 126 Fla. 142, 170 So. 602, and in State v. City of Daytona Beach, 126 Fla. 728, 171 So. 814. It being settled law that such portion of the original bonds as have been reduced to judgment can be refunded, it necessarily follows that the holders of refunding bonds represented by the judgment are subrogated to all the rights of the holders of the original bonds.

Other questions argued pertain to whether or not homesteads located within the town of Holly Hill at the time the original bonds were issued are bound for the payment of the refunding bonds, whether or not Appellee is required to comply with the provisions of Chapter 16838, and Chapter 17401, Acts of 1935, whether or not the refunding bonds constitute such an obligation as to require the approving vote of the qualified electors of the town of Holly Hill and whether or not said town is authorized to covenant that the rights and remedies for the enforcement of refunded indebtedness shall appertain to the payment thereof independently of any restrictions or limitations thereon enacted by the Legislature since November 5, 1934, the date of the approval of amended Section 6 of Article IX.

The record has been examined with reference to these questions and in our view, the chancellor answered all of them correctly. His judgment is affirmed as to them on authority of the following cases: State v. City of Pensacola, 123 Fla. 331, 166 So. 851; State v. City of Orlando, 126 Fla. 251, 170 So. 887; State v. City of Tallahassee, 126

Fla. 275, 170 So. 897; State v. City of Daytona Beach, 126 Fla. 728, 171 So. 814.

It follows that the judgment below must be and is hereby affirmed.

ELLIS, C. J., and DAVIS, J., concur.

BROWN and BUFORD, J. J., dissent.

BROWN, J. (dissenting).—I do not think that the municipality can lawfully obligate itself to levy taxes upon lands beyond its boundaries, unless authority so to do is conferred by statute, or by the judgment of a competent court rendered at the suit of the holders of bonds which, when issued, or when the lands were detached by legislative Act, could have compelled the taxation of said lands for the payment of such bonds. See Columbia County v. King, 13 Fla. 451; Young, *et al.*, v. Dixie County, 89 Fla. 510, 105 So. 105; 43 C. J. 149. The 1931 Refunding Act, Sec. 22, provides for taxing all the taxable property "in the unit."

BUFORD, J., concurs.