LEON L. HENDERSON, *et al.*, v. TOWN OF LAKE PLACID, a Municipal Corporation.

181 So. 177.
Opinion Filed January 8, 1938.
Rehearing Denied February 23, 1938.
Leave to File Extraordinary Petition for Rehearing Denied April 9, 1938.

*Edwin Brobston* and *Benj. H. Webster,* for Appellants; *Ives & Kinsey,* for Appellee.

BUFORD, J.—The appeal is from orders dismissing motions to dismiss bill of complaint and to strike certain paragraphs of the bill.

The purpose of the suit was to require an accounting and judicial determination of the amount of the taxes due by

the respondents to satisfy levies for debt service. The bill alleged in effect that stated tax levies had been made in accordance with the provisions of Chapter 12990, Acts of 1927. That certain levies were so made before that legislative Act was adjudged invalid, while certain other of the involved levies were made after the date of such adjudication. That certain bonded indebtedness had been created under the provisions of that Act and that other indebtedness had accrued while the municipality had operated under the Act. That judgments had been obtained against the municipality on obligations incurred by the municipality while operating under the provisions of Chapter 12990, which judgments were outstanding and unpaid and that a peremptory writ of mandamus had been issued out of the U. S. District Court of the Southern District of Florida requiring the complainant to collect taxes with which to provide funds with which to meet certain obligations of the municipality created while it operated under that Act.

Two of the grounds of the motions to dismiss are:

"2. That the bill of complaint shows upon its face that the decree of the Supreme Court has ousted the Town of Lake Placid from jurisdiction over the lands described in said bill of complaint.

"3. That this proceeding is brought upon authority of Chapter 12990, Laws of Florida, Special Acts of 1927, approved June 6, 1927, which said Act is unconstitutional, null and void as being in violation of the due process of law provisions of the State and Government Constitutions, which has been so declared by the Supreme Court of Florida to be unconstitutional."

See State, *ex rel.* Landis, v. Town of Lake Placid, 121 Fla. 839, 164 So. 531.

The orders appealed from should be affirmed on authority of the opinion and judgment of this Court in the case

of The State of Florida v. Holly Hill, filed June 3rd, 1937, and cases there cited.

It is so ordered.

Affirmed.

WHITFIELD, TERRELL and CHAPMAN, J. J., concur.

ELLIS, C. J., and BROWN, J., dissent.

PER CURIAM.—An extraordinary petition has been presented, but will not be filed unless leave is granted.

It is in effect suggested:

(1) That the Court failed to consider the fact that Chapter 18643, Acts of 1937, approved on referendum August 17, 1937, failed to validate or confirm taxes levied after the passage of Chapter 12990, Acts of 1927, but prior to the adoption of Chapter 18643, Acts of 1937; and failed to consider the fact that after the judgment of ouster in quo warranto there existed no law either general or special authorizing the levy of taxes upon lands of appellant, either prior to or subsequent to the judgment of ouster; and that such taxes were levied and are attempted to be collected in violation of Sections 3 and 5, Article IX, Constitution.

(2) That the city and the plaintiff were parties to the quo warranto proceedings, and plaintiff's lands were described in the proceedings and a judgment awarded against the municipality as to the lands, making the judgment *res adjudicata* as to the city.

(3) That in denying the petition for rehearing the opinion and judgment in the case of Ocean Beach Heights, Inc., v. Brown-Cummer Inv. Co., filed by the Supreme Court of the United States January 17, 1938, was overlooked.

The opinion referred to has not been overlooked. It is not applicable here, as shown by its words. In the Ocean Beach Heights case, or Town of North Miami case, the

electors in a community on the west side of Biscayne Bay, in Dade County, incorporated a town called Miami Shores, now called North Miami. The attempted boundaries of the town included an area on the east side of Bay Biscayne non-contiguous to the area on the west side included in the town. The *electors* had no authority *under the general statutes* to include in the town limits the non-contiguous area east of the Bay. There was no statute expressly conferring jurisdiction of the town over the area on the east side of the Bay. See Lane v. State, 63 Fla. 220, 57 So. 662. The town was established over the area west of the Bay, but it never had *de jure* authority over the east side of the Bay. There could have been no *de jure* jurisdiction of the town *established by the electors and not by statute* over the area on the east side of the Bay, so there could be no *de facto* jurisdiction over that area.

In this case the charter was attempted to be conferred *by statute*. The quo warranto judgment of ouster negatives *de jure* jurisdiction of the Town of Lake Placid, but it did not affect the *de facto* jurisdiction resulting from the attempted statutory jurisdiction, and from action taken thereunder by issuing bonds and levying taxes under the attempted statutory authority and the validation of the bonds by judicial decrees to which all the citizens and taxpayers of the town were parties under the statute, the decrees being *res adjudicata*. Later statutes may afford useful instrumentalities in enforcing the rights of bondholders.

This disposes of the petition, as the enactment of Chapters 18643 and 18644, Acts of 1937, can have no controlling effect on the rights of the Town and of the bondholders to have the taxes levied and collected to pay the bonds according to the law under which they were issued, the town having *de facto* power in the premises under its presumably valid statutory charter, notwithstanding the ouster judg-

ment of the assumed *de jure* jurisdiction of the town. The bonds are not void, since they were issued under presumably valid statutory authority, pursuant to Chapter 11586, Acts of 1925. They were duly validated. West v. Town of Lake Placid, 97 Fla. 127, 120 So. 361.

For a discussion of the principles involved, see City of Winter Haven v. Klemm, at this term.

Leave to file extraordinary petition for rehearing denied.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.