STATE v. COUNTY OF ST. LUCIE; STATE v. COUNTY OF OKEECHOBEE; STATE v. COUNTY OF INDIAN RIVER; STATE v. COUNTY OF MARTIN.

183 So. 846.

Opinion Filed October 17, 1938.

*Murray W. Overstreet,* State Attorney, for Appellant;
*Dewey Crawford, T. W. Conely, Jr., Vocelle & Mitchell*
and *Evans Crary,* for Appellees.

CHAPMAN, J.—The above styled cases have been consolidated and are here on appeal from final decrees validating bonds issued by the respective counties. The facts involving the bond issues in these cases are substantially the same, viz.: Between June, 1910, and 1917 St. Lucie County, Florida, issued certain county-wide obligations in the form of bonds, or time warrants, or negotiable notes amounting to bonds, for the purpose of raising money to be used for the construction of roads and bridges on the territory then embracing St. Lucie County. During the year 1917, by Chapter 7401, Laws of Florida, Acts of 1917, the County of Okeechobee was created from territory taken largely from St. Lucie County, with small tracts taken from Osceola and Palm Beach Counties. Sometime after the creation of Okeechobee County in 1917, additional county-wide bonds, or time warrants, or negotiable notes amounting to bonds, were issued by St. Lucie County, Florida. The Legislature of Florida, by Chapter 10180, Acts of 1925, created Martin County from territory then belonging to St. Lucie and Palm Beach Counties. The Legislature of Florida, by Chapter 10148, Acts of 1925, created Indian River County from St. Lucie County. On July 17, 1918, a final decree of the Circuit Court of Okeechobee County was entered adjudicating the amount of indebtedness due by St. Lucie County, Florida, that should be assumed and paid by Okeechobee County. The Board of County Commissioners of St. Lucie County and the Boards of County Commissioners of Indian River and Martin Counties, by stipula-

tion, agreed as to the amount or amounts that should be assumed and paid by said counties of the then existing indebtedness owed by St. Lucie County. The terms of the final decree of the Circuit Court held that Okeechobee County should assume 26% of the then existing indebtedness of St. Lucie County; while Indian River County should assume and pay 43.4% of the then existing indebtedness of St. Lucie County, and Martin County should assume and pay 3.4% of the then existing indebtedness of St. Lucie County.

From the record disclosed in this case it appears that the Counties of St. Lucie, Okeechobee, Martin and Indian River, by and through their Boards of County Commissioners, adopted refunding resolutions as is provided for by Chapter 15772, Acts of 1931, Laws of Florida. The resolution passed by each county by the Board of County Commissioners thereof authorized refunding bonds and pledged the full faith and credit of each county, and a tax upon the property within the territorial limits thereof, are made subject to the levy and collection of such taxes as are pledged. The amount of the refunding bonds issued by the three counties is an amount equal to their respective assumed portion of the outstanding original indebtedness of St. Lucie County, viz.: Martin County, $29,879.75; Okeechobee County, $53,963.49, and Indian River County, $231,189.28.

The refunding bonds issued by the newly created counties are to be delivered to the State Treasurer as County Treasurer *ex officio* of St. Lucie County and the same are to be held by him in and for the account of the interest and sinking fund of the proposed St. Lucie County refunding issue, such deliveries to be in amounts ratable to the amounts of the corresponding series of the St. Lucie refunding bonds as are themselves from time to time actually exchanged for

the presently outstanding original St. Lucie County indebtedness and such deliveries, as and when made, are to operate as a discharge of a like amount of the original indebtedness owed by each of the newly created counties, respectively, to the said parent County of St. Lucie. The discharge of payment is to be evidenced by certificates of the State Treasurer *ex officio* Treasurer to that effect. The amount of the refunding bonds issued by St. Lucie County, Florida, is the sum of $678,000.00.

Counsel for the respective parties agree upon, brief, and submit as the issues to be decided by this Court are, viz.: (1) Does the refunding Act of 1931, Chapter 15772, Laws of Florida, authorize St. Lucie County, the parent county, and the newly created Counties of Okeechobee, Martin and Indian River to issue the refunding bonds validated in the lower court? (2) Is an election necessary in St. Lucie County, the parent county, or in any of the newly created Counties of Okeechobee, Martin and Indian River, in order not to violate the provisions of Section 6 of Article IX of the Constitution of Florida as amended; (3) is homestead property in the four counties, respectively, subject to taxation to support the refunding bonds contemplated by each of the counties without violation of Section 7 of Article X of the Constitution of Florida? We hardly think or believe it necessary to consider each of these questions, separately, as they have been before the Court on numerous occasions. It will be observed that the lower court settled all issues of fact involved at the time of the entry of the final decrees appealed from. It has not been made to appear in this Court that the lower court erred in deciding the issues of fact presented. See: Atlantic Bank, etc., v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v. Knowles, 101 Fla. 1375, 135 So. 315, 317.

An examination of the record in this case shows that the resolutions adopted through the Boards of County Commissioners with reference to refunding said bonded indebtedness are each within the spirit and meaning of Chapter 15772, General Laws of Florida, Acts of 1931. We have not been shown any irregularities about the adoption of either of the resolutions that would affect the validity of the bonds. The bonds authorized by each of the resolutions so adopted by the Boards of County Commissioners of the four counties herein named are refunding bonds, the original of which were outstanding prior to the year 1925. This Court has had occasion to pass upon each of the questions raised on this appeal and in so doing has decided them adversely to the contention of appellant. We have carefully examined each of the records and fail to find error. See State, et al., v. City of Daytona, 126 Fla. 728, 171 So. 814; State v. City of Orlando, 126 Fla. 251, 170 So. 887; State v. Board of Public Instruction, 129 Fla. 235, 176 So. 96; State v. City of St. Augustine, 125 Fla. 173, 169 So. 648; Folks v. Marion County, 121 Fla. 17, 163 So. 298; State v. Town of Belle Glade, 121 Fla. 201, 163 So. 564; State v. City of Pensacola, 123 Fla. 331, 166 So. 851; County of Leon v. State, 122 Fla. 505, 165 So. 666; Fleming v. Turner, 122 Fla. 200, 165 So. 353; State v. County of Sarasota, 118 Fla. 629, 159 So. 797; State v. Special Road & Bridge Dist. No. 4, decided July 6, 1938, not yet reported.

The final decrees appealed from in the case of State of Florida v. County of St. Lucie; the case of State of Florida v. County of Okeechobee; the case of State of Florida v. County of Indian River; and the case of State of Florida v. County of Martin, and each thereof, are hereby ffirmed. It is so ordered.

ELLIS, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

WHITFIELD, J., disqualified.