C. H. TICHENOR v. BOARD OF PUBLIC INSTRUCTION, Orange County, Acting for and in Behalf of Special Tax School District No. 1 of Orange County, *et al.*

190 So. 763
Division A
Opinion Filed August 1, 1939

C. H. *Tichenor, in pro person;*

*Giles J. Patterson* and *G. B. Fishback,* for Appellees.

BUFORD, J.—Appeal brings for review decree validating a bond issue in the sum of $100,000.00, the proceeds of which are to be used to pay off and settle an outstanding obligation on the issuing authority which in principal and accrued interest will equal or exceed the amount of the bond issue.
. The pertinent facts are stated by the Honorable Circuit Judge in the decree appealed from, as follows:

"1. That a copy of the petition in this cause and the order issued by this court on the 11th day of May, 1939, against the State of Florida, requiring it through the State Attorney for the Ninth Judicial Circuit, to show cause before this court at Titusville, Brevard County, Florida, in said circuit, at 10 o'clock A. M. on the 1st day of June, 1939, why said bonds should not be validated and confirmed, was duly served on the State attorney for said circuit on the 11th day of May, 1939, said date being at least 18 days before the date of hearing fixed by said order.

"2. That the clerk of this court cause to be published in the Central Florida Times, a newspaper published in Special Tax School District No. 1, in the issues of said newspaper published respectively on May 12, 9 and 26, 1939, a notice addressed to the taxpayers and citizens of Special Tax School District No. 1 of Orange County, Florida, known as Orlando Special Tax School District, notifying them that

said order of May 12, 1939, had been made by the under-signed Judge of the Ninth Judicial Circuit and requiring them at the time and place above named and specified in said order for the hearing of said cause, to show cause, if any there be, why said bonds should not be validated and confirmed, the first publication of said order being had at least 18 days before said hearing.

"3. That the State's attorney of the Ninth Judicial Circuit in and for Orange County, Florida, did on behalf of the State of Florida, file his answer to the petition herein filed and on the said 1st day of June, 1939, one C. H. Tichenor, a taxpayers and citizen of said district, filed his answer to said petition; in and by which answers it was made to appear that the entry of an order of validation was objected to on behalf of the State of Florida and said tax-payer, for legal grounds appearing in said answers. Neither of said answers, however, denied any of the allegations of fact made in the petition.

"4. That on October 12, 1925, the Board of Trustees of Special Tax School District No. 1 of Orange County, Florida, purchased from Charles Lord, P. Phillips and H. Hillman, certain parcels of land in Orange County, Florida, for a total price of $125,000.00, $5,000.00 of which was paid in cash, and to secure the balance of $120,000.00 of said purchase price, executed a certain mortgage deed securing payment of three promissory notes of $40,000.00 each, bearing interest at the rate of 8% per annum, payable semi-annually, and said notes were due and payable on or before twenty (20) years after the date thereof, but before purchasing said property and securing said mortgage the board did not submit the purchase of said property to the electors of said school district for their approval, as required by law.

"5. Thereafter the said Phillips and Hillman on the 20th

day of June, 1935, instituted a suit in this court to recover the balance due on said promissory notes of $80,000.00 and obtained a foreclosure of the same against said property. A final decree was entered by this court declaring the plaintiffs to have a lien on an undivided 2/3 interest in said property to secure the payment to them of the value of the amount of their lien which was determined to be the value of said land at the time is was purchased, and said decree was confirmed by the Supreme Court of Florida.

"6. That at the hearing, by consent of counsel, there was filed with this court an affidavit of J. R. Holbrook, in which it was made to appear that he was a member of the Board of Public Instruction for Orange County, Florida, and resided in Orlando; that the Board of Trustees of Special Tax School District No. 1 acquired title to Block 'H' of Eola Heights in Orlando, on the 12th day of October, 1925, by deed of conveyance and that since acquiring said property the Board of Public Instruction and Special Tax School District No. 1 have improved said premises by erecting thereon a high school and gymnasium, at a total cost of $500,000.00, which school premises are now used by the School Authority of said county and district. It further appears that said district is not financially able to pay the lien established against said property by the decree of the Circuit Court of Orange County, Florida, later confirmed by the Supreme Court of Florida, in that certain cause where H. Hillman and P. Phillips were plaintiffs, and Special Tax School District No. 1, was defendant, and that it is not possible for Special Tax School District No. 1 to raise sufficient money for the payment of said obligation from the current taxes of the district and said distrct has no sufficient surplus with which to pay the same, and unless the district is given a longer time within which to levy taxes

for the liquidation of the obligation, it will be impossible for it to pay off said claim; that the plaintiffs in said cause are ready and willing to settle their obligation with said district from the proceeds of the bonds proposed to be validated.

"7. It appears from the petition that said property was purchased as aforesaid, in 1925, and that the Legislature of the State of Florida by Chapter 16592, Laws of 1933, authorized the Board of Public Instruction of the County of Orange, State of Florida, in all cases where improvements had been erected on real estate through the expenditure of funds of said Board of Public Instruction, or Special Tax School District, to purchase any real estate or any lien or interest therein, and in connection therewith, to execute notes or other evidence of indebtedness which should be valid obligations of said district in cases where said district had attempted to purchase real estate, but had not complied with the statutory provisions contained in chapter 4682, Acts of 1899, Laws of Florida, Section 509 of the Compiled General Laws of Florida, 1927.

"8. That since the rendition of the decree by the Supreme Court of Florida in the case of Hillman, *et al.,* v. Board of Public Instruction of Orange County, said board, pursuant to said act, negotiated an agreement with said plaintiffs in said cause by which they have agreed to settle their claim of $80,000.00 for the sum of $66,000.00, with interest at a lawful rate from Oct. 12, 1932.

"9. The court further finds that the Board of Public Instruction for the County of Orange, acting for and on behalf of Special Tax School District No. 1, has adopted a certain resolution authorizing the issuance of 100 bonds of the par value of $1,000.00 each, numbered 1 to 100, inclusive, to enable it to pay said claim and thereby to release the lien against the school building hereinabove described.

"10. That all proceedings required by the Laws of Florida with respect to the authorization and issuance of the bonds of said district as above described, and as more particularly described in the petition filed in this cause, were taken by the said Board of Public Instruction for the County of Orange, State of Florida, acting on behalf of Special Tax School District No. 1."

Then follows the adjudication of validation.

No useful purpose can be served by repeating here what we have enunciatel in many previous decisions touching the purpose, intent and application of Section 6, Article IX of our Constitution as it now appears. Here we have an obligation which the issuing authority is bound to pay or else suffer a foreclosure of lien on its property which property is of many times the value of the amount of the bond issue. The creation of a new obligation or a new debt is not involved. A vote of the qualified electors could have no effect on the existence of the obligation and, therefore, the holding of an election would be a vain and futile thing. Regardless of the result of an election the obligation would remain to be discharged and the only practical way to effectuate a discharge thereof is by raising sufficient funds by taxation from year to year to meet the installment payments.

On authority of the opinions and judgments of this Court in Sullivan v. City of Tampa, 101 Fla. 298, 134 Sou. 211; State v. School District No. 5 of Dade County, 107 Fla. 93, 344 Sou. 356; State v. Okeechobee, 99 Fla. 617, 137 Sou. 339; and City of Coral Gables v. State, 128 Fla. 874, 176 Sou. 40, we hold no election is required.

That interest on the principal obligation is a valid claim is established in Tapers v. Pichard, 122 Fla. 249, 165 Sou. 39; State *ex rel.* Houston v. Hillsborough County, 136 Fla. 503,

183 Sou. 157, and Board of Public Instruction of Manatee County v. Cassidy, 125 Fla. 536, 155 Sou. 834.

It follows that the decree should be affirmed.

It is so ordered.

Affirmed.

TERRELL, C. J., and WHITFIELD and CHAPMAN, J. J., concur.

Justices BROWN and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.