STATE v. TOWN OF LAKE PLACID.

191 So. 540
Opinion Filed October 20, 1939

*L. Grady Burton,* for Appellant;

*Joe D. Kinsey* and *Treadwell & Treadwell,* for Appellees.

TERRELL, C. J.—The City of Lake Stearns was created by Chapter 11586, Special Acts of 1925, embracing an area of more than 28 square miles. It was abolished by Chapter 12990, Special Acts of 1927, and the Town of Lake Placid created in its place embracing an area of about 73 miles, including that formerly embraced in the City of Lake Stearns. In 1928 and 1929, the Town of Lake Placid incurred a heavy indebtedness which was evidenced by general improvement and street improvement bonds. The general improvement bonds were validated by decree of the circuit court. West, *et al.,* v. Town of Lake Placid, 97 Fla. 127, 120 So. 361.

The area of the town was repeatedly reduced as shown by the following decisions: State *ex rel.* Davis v. Town of Lake Placid, 109 Fla. 419, 147 So. 468; State *ex rel.* Landis v. Town of Lake Placid, 117 Fla. 874, 158 So. 497, and State *ex rel.* Landis v. Town of Lake Placid, 121 Fla. 839, 164 So. 531; Henderson, *et al.,* v. Town of Lake Placid, 132 Fla. 190, 181 So. 177.

The Legislature of 1937 enacted Chapter 18643 abolishing the Town of Lake Placid as created by Chapter 12990, Acts of 1927, and created a new municipality by the same name with boundaries approximately one mile square. The latter Act preserved the legal obligations of the town and clothed it with other powers.

Pursuant to Chapter 18643, the town council secured an agreement with its creditors to compose its indebtedness on terms very beneficial to it and in February, 1939, adopted a resolution authorizing the issue of refunding bonds, Series A, in the sum of $160,000 and Series B, in the sum of $30,000, to take the place of and renew bonds outstanding as previously referred to. The resolution provided that both series of refunding bonds be approved within and without the new town and by a majority of those residing within the boundaries of the new and the old town. (The old and new town has reference to the town as defined by Chapter 12990 and Chapter 18643.) The election was held, pursuant to the resolution and both series of bonds were approved almost unanimously by both classes of electors.

A petition to validate the refunding bonds was filed in the circuit court, answer was filed by the State attorney, evidence was taken and the chancellor after making his finding of law and facts validated the refunding bonds. That decree is here for review.

It is first contended that the original bonds were void in their inception and cannot be validated.

This contention is predicated on the opinions cited herein wherein the boundaries of the Town of Lake Placid as first created were reduced. The contention is without merit. It is true that in said opinions, the incorporation was held illegal and unconstitutional as to the lands eliminated but this holding did not go to the obligations of the town. Henderson, *et al.*, v. Town of Lake Placid, *supra*. Even if these opinoins had cast doubt on the validity of the original bonds, a new and different obligation on the part of the town has been entered into and approved by it as authorized by Chapter 18643, Acts of .1937. None of the taxpayers or holders of the obligations are here complaining. Only the

town and State are parties to the cause and the town is not in position to complain.

It is next contended that the question of issuing the refunding bonds was not properly submitted to the electors of the town for approval.

This contention is likewise without merit. Under Section 6, Article IX of the Constitution authorizing the issuance of refunding bonds, it was not required that the question of issuing them be approved by the freeholders but the fact that it was done in this case only adds sanctity to the bond contract.

The judgment of the court below finding the refunding bonds to be valid and to have been legally issued was correct and is affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.