STATE OF FLORIDA v. COUNTY OF HILLSBOROUGH, STATE OF FLORIDA, a Political Subdivision of said State.

3 So. (2nd) 882
En Banc
Opinion Filed September 19, 1941

164

*J. Rex Farrior,* for Appellant.

*Luther Cobbey* and *W. F. Himes,* for Appellee.

BUFORD, J.—The appeal brings for review judgment of the Circuit Court of Hillsborough County validat-

ing an issue of bonds in the sum of $173,750.00 to be designated Hillsobrough County, Florida, Refunding Bonds, Series 1941-a.

The bonds were dated September 1, 1941, bearing interest from date until paid at the rate of 3% per annum, payable semi-annually on the first days of September and March of each year, consisting of 173 bonds in the denomination of $1,000.00 and one bond in the denomination of $750.00. The bonds are numbered and the maturity dates stated. Maturities begin September 1, 1944, and continue to September 1, 1961.

The bonds referred to were authorized for the purpose of refunding two certain judgments at law recovered against the County in the Circuit Court of Hillsborough County on July 18, 1941, one of such judgments being in favor of Harold M. Raymond as Trustee in the sum of $170,712.49; and the other in favor of John R. Walsh in the sum of $3,269.00.

The record shows that the liability of Hillsborough County, Florida, for the payment of the sums adjudicated against it in the judgments of aforesaid arose in favor of the respective plaintiffs as the holders of unpaid paving certificates issued pursuant to the provisions of Chapter 9316 of the Laws of Florida, Acts of 1923, by and on behalf of Hillsborough County and accepted prior to January 1, 1928, in payment for labor and materials furnished in the improvement of public roads in said County; that in each of the said actions the recovery had was for the reasonable value of the labor and the market value of the materials in payment for which the certificates held by the respective plaintiffs were accepted. The judgment recovered in each action was for a sum equivalent to

60% of the aggregate unpaid principal amount of the certificates held by each plaintiff.

The status and rights of the parties, except as to the amount of the available recovery, has been set at rest by the opinions and judgments of this Court in Harwell v. Hillsborough County, 111 Fla. 361, 149 Sou. 547; Webb, et al., v. Hillsborough County, 128 Fla. 471, 175 Sou. 874; Gulf Life Insurance Co. v. Hillsborough County, 129 Fla. 98, 176 Sou. 72; and Hillsborough County v. Highway Engineering & Construction Co., Inc., 145 Fla. 83, 199 Sou. 499. So there is no question as to the validity of the judgments; nor is there any question that the judgments were based upon an obligation existing prior to the amendment of Sec. 6, Art. IX of the Constitution adopted at the general election of 1930.

The appellant presents two questions upon which it based the insistence that the judgment should be reversed, which are stated as follows:

1. Was it error to validate the proposed bonds over the objection of the State that the issuance of said bonds is inhibited by Sec. 6 of Art. IX of the Constitution of the State of Florida, as amended, unless and without such issuance be approved by a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors residing in said County participate, to be held in the manner prescribed by law, when no such approval of the issuance of said bonds is alleged in the petition and such approval has *not* been obtained?

2. Are the proposed bonds, of which validation is sought in the petition and the resolution by the Board of County Commissioners of Hillsborough County providing for and authorizing the issuance of such

bonds, violative of that certain statute enacted at the 1941 regular session of the Florida Legislature, the same constituting Senate Bill No. 665, entitled:

" 'AN ACT limiting to five mills on the dollar in any one year the tax which Hillsborough County, Florida, its Boards and officers, may levy, assess or impose upon the taxable property within said county to provide for the discharge, payment or satisfaction of all or any money judgments or decrees, if any, which may hereafter be obtained or rendered against said County for labor and/or materials furnished for and used in the grading, paving and/or curbing of any public road or portion thereof where such grading, paving and/or curbing was petitioned to be provided under the provisions of Chapter 9316, Laws of Florida, Acts of 1923, and ordered in response to such petition and such labor and/or materials were furnished under written contract with the County providing that the contractor furnishing the same would accept in payment for the grading, paving and/or curbing furnished certificates against the abutting property and such certificates were delivered to and accepted by such contractor in payment for the labor and/or materials furnished?' "

So we have here a judgment based on an obligation which accrued prior to the amendment of Sec. 6, Art. IX, of our Constitution, *supra*, which judgment the County of Hillsborough is bound to pay, together with interest thereon as long as payment is deferred; and the appellant says, in effect, that because this is a judgment, and not a bond, refunding without a vote of the free-holders is precluded by Sec. 6, of Art. IX of our Constitution.

We have held in effect that judgments constitute

a funded debt. See State v. Board of Public Instruction, 126 Fla. 142, 170 Sou. 602; State v. City of Daytona Beach, 126 Fla. 728, 171 Sou. 814; State v. City of West Palm Beach, 127 Fla. 849, 174 Sou. 334.

The judgments here involved have the effect and status equivalent to that of a duly authorized bonded indebtedness. They are based on an implied contract to pay resulting from the furnishing to, and acceptance of and use by the County of labor and materials for a lawful county purpose. Payment may be coerced by requiring an unlimited tax levy on all property in the county subject to taxation at the time the obligation accrued which was prior to the amendment of Sec. 6, Art. IX of the Constitution at the general election in 1930 and prior to the amendment of Sec. 7, Art. X of the Constitution at the general election in 1934. See Board of Public Instruction of Bay County v. State *ex rel.* Barefoot, 145 Fla. 482, 199 Sou. 760; Board of Public Instruction *et al.,* v. State *ex rel.* Peabody Seating Co., *et al.,* 146 Fla. 93, 200 Sou. 924.

We have held that the provisions of amendment to Sec. 6, Art. IX of the Constitution should not be given such a narrow and technical construction as would defeat its evident intent and purpose; nor should its expressed prohibitions be impaired or frittered away by any such method of construction. Sullivan v. Tampa, 101 Fla. 298, 134 Sou. 211.

We have also held the provisions of amended Sec. 6, Art. IX to apply to permanent improvement notes issued by the City in which notes the full faith and credit and resources of the City are pledged and which notes are in substance and legal effect bonds. Sullivan v. Tampa, *supra.*

The record here shows that the County has a contract with the holders of the judgment under which the holders of such judgments will accept bonds proposed to be issued bearing interest at 3% which is the same interest the judgments bear in considerable less amount than the face of the judgments. The record also shows that the County has no available funds with which to pay the judgments and that great hardships may be worked on the tax-payers of the County if the judgment holders are put to the necessity of requiring tax levies to produce funds to pay the judgments.

So it is that the record shows that the issuance of the proposed bonds not only will result in the saving to the County of large sums of money in principal but will also provide a method of the payment of the present outstanding obligations with less hardship on the taxpayers than will obtain if the judgment-holders must rely upon their legal rights to enforce the payment of the judgments as they stand.

The record also shows that there are numerous other suits pending on like obligations which will result in judgments in large amounts against the County. All being based on causes of action accruing prior to the constitutional amendment of 1930. The amendment of Sec. 6, Art. IX of the Constitution, *supra,* was to prevent taxing units from incurring additional funded indebtedness without the approving vote of freeholders. It was never intended to preclude the taxing unit from making advantageous settlement of an obligation which had accrued before, and was existing at, the time of such amendment.

Dillon on Municipal Corporations, 5th Ed. Vol. 1, page 379, said:

"The provision of the Constitution is that no municipality shall be allowed to incur any debt which shall exceed the constitutional limit. It is · obviously directed against those operations which result in the *creation of indebtedness* on the part of a municipality and not against transactions which relate merely to the form of the obligation or the nature or character of the evidences of indebtedness. If, therefore, a municipal corporation has already issued bonds, warrants, certificates, or other evidences of indebtedness, which were valid when issued, or if it has incurred valid floating debt for *current* or other expenses, or if it is indebted on a valid judgment, the municipality may under statute authority as a general rule, fund or refund such indebtedness by the issue of its bonds without incurring indebtedness within the meaning of the constitutional provisions. These *funding or refund bonds* issued for a valid pre-existing indebtedness, *neither create debt nor increase the debt* of the municipality which issues them. They merely change the form and terms of payment of an existing indebtedness."

In Board of Commissioners of Lake County v. Platt, the Circuit Court of Appeals of the Eighth Circuit, 79 Fed. 567, held:

"The issue of municipal bonds in satisfaction of a valid judgment against a municipality does not create a debt. It merely extends the time for its payment."

To the same effect is State *ex rel*. City of Sevealia v. Weinrich, City Treasurer, 291 Mo. 461, 236 S.W. 872.

In the case of Tichenor v. Board of Public Instruction of Orange County, *et al.*, 139 Fla. 675, 190 Sou. 763, we had a case in which principles identical with

those involved here were presented. In that case the Board of Public Instruction had on October 12, 1925, purchased a lot of land upon which to erect a school building and had, without authority of law, given its three notes for $40,000.00 each bearing interest at 8% secured by a mortgage on the property. The Board of Public Instruction then proceeded to erect a valuable school building on the property. Two of the notes fell into the hands of Philips and Hillman who on the 20th day of June, 1935, instituted suit in the Circuit Court of Orange County to recover the then balance due on the said promissory notes in the sum of $80,000.00, and praying a decree of foreclosure on an undivided two-thirds interest in the property.

They alleged in the bill of complaint that the notes and mortgage were void but they alleged that they were entitled to a foreclosure of an equitable or vendor's lien superior to the rights of all others. There was a motion to dismiss the bill which was denied. Then defendants filed answer. Motion to strike certain portions of the answer, to-wit: paragraphs 9, 10, 11, 12, and 13, was filed. The motion was denied as to paragraph 9 and granted as to the other paragraphs named. Defendant appealed. On this appeal complainants cross-assigned as error the denial of their motion to strike paragraph 9 in the answer. Paragraph 9 of the answer presented the question of measure of damages, whether the plaintiffs were entitled to an adjudication of a lien for the amount of the face of the notes or for the proportionate part of the actual value of the property.

On review of the orders in this Court, although it was held that there was no valid contract, the notes and mortgage were invalid and void, it was held that

the holders of the notes and mortgage were entitled to have adjudicated in their behalf an equitable lien to protect and secure the payment to them of the value of the property obtained by the Board of Public Instruction, together with legal interest thereon after allowing credit for the interest payments already made by the Trustees.

The orders of the chancellor was affirmed.

Thereafter, the chancellor on pleadings and proof, entered final decree. Then those things occurred which are set out in Tichenor v. Board of Public Instruction, *supra*. The bonds issued by the Board of Public Instruction of Orange County to pay off the decree were validated by the Circuit Court and affirmed by us in an opinion and judgment wherein we said:

"No useful purpose can be served by repeating here what we have enunciated in many previous decisions touching the purpose, intent and application of Sec. 6, Art. IX, of our Constitution as it now appears. Here we have an obligation which the issuing authority is bound to pay or else suffer a foreclosure of lien on its property which property is of many times the value of the amount of the bond issue. The creation of a new obligation or a new debt is not involved. A vote of the qualified electors could have no effect on the existence of the obligation and, therefore, the holding of an election would be a vain and futile thing. Regardless of the result of an election the obligation would remain to be discharged and the only practical way to effectuate a discharge thereof is by raising sufficient funds by taxation from year to year to meet the installment payments."

We now come to the second question to be presented

by the appellant wherein he insists that by reason of the provisions of Senate Bill No. 665 of the legislative session of 1941 the bonds sought to be issued are invalid.

It appears to us that there may be serious question as to whether or not the legislative Act is effective to limit the amount of tax which may be levied to pay a judgment based upon a direct or implied obligation accruing prior to the enactment of such statute. See Board of Public Instruction of Bay County v. Barefoot, *supra,* and Board of Public Instruction *et al.,* v. State *ex rel.* Peabody Seating Co., *et al., supra.*

There is nothing in the record, however, to show or to indicate that the discharge of the obligation of the bonds here involved will require the levy of as much as five (5) mills on the dollar in any one year on the taxable property in Hillsborough County. The validity of the statute will not be determined until a cause is presented wherein such adjudication is necessary to the disposition of the cause.

For the reasons stated, the validating decree entered by the chancellor is affirmed.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.