## CERTAIN LANDS UPON WHICH TOWN OF LAKE PLACID TAXES ARE DELINQUENT v. TOWN OF LAKE PLACID.

31 So. (2nd) 249            June Term, 1947
June 24, 1947            Division B
Rehearing denied July 29, 1947

*Rasco, Esslinger & Brion,* for petitioners.

*Kinsey & Livingston* and *Treadwell & Treadwell,* for respondent.

BUFORD, J.:

On April 26, 1945, the Town of Lake Placid filed its bill of complaint in the Circuit Court of the Tenth Judicial Circuit of Florida in and for Highlands County, which bill of complaint was amended on January 30th 1946, wherein it sought to foreclose alleged municipal tax liens under the provisions of Chapter 173 Fla. Statutes 1941 (same F.S.A.). It appears that the tax liens sought to be foreclosed were for taxes levied from the year 1926 to the year 1941, both inclusive, to raise money to pay the obligation of municipal bonds, the original issue of which was issued when petitioners' lands were presumed to be within the corporate limits of the municipality under Chapter 12990, Special Acts of 1927, which bonds were validated and the decree of validation affirmed by this Court in the case of West et al. v. Town of Lake Placid, 97 Fla. 127, 120 So. 361. This issue of bonds was refunded under the provisions of Chapter 18643, Acts of 1937. The refunding bonds were validated which validation was affirmed by this court in State v. Town of Lake Placid, 140 Fla. 327, 191 So. 540.

The bill of complaint as amended showed that the greater portion of the lands upon which tax liens were sought to be foreclosed were located beyond the boundaries of the Town of Lake Placid as fixed by Chapter 18643, Special Acts of 1937, and constituted a part of those lands which had been ousted from the jurisdiction of the Town of Lake Placid in the suits of State ex rel Davis v. Town of Lake Placid 109 Fla. 419, 147 So. 468; State ex rel. Landis v. Town of Lake Placid 117 Fla. 874, 158 So. 497 and State ex rel. Landis v. Town of Lake Placid 121 Fla. 839, 164 So. 531, while certain other lands described in the bill of complaint upon which the tax liens were sought to be foreclosed were located within the Town of Lake Placid as established by Chapter 18643, supra. The owners of certain of the lands lying outside the present boundaries of

the municipality, and which had been ousted from the jurisdiction of the municipality, in the suits aforesaid, filed joint answers in which it was alleged that the lands belonging to these owners and described in the bill of complaint were beyond the jurisdiction of the municipality, that they were so situated that they had never received any municipal benefits whatsoever and were so situated that they can never acquire nor receive any municipal benefits from the municipality. They also filed a counter-claim in which they alleged the same facts as to the existence or possibility of benefits and prayed injunction against the municipality at any time in the future making any tax assessments against such lands.

The owners of some of the lands described in the bill of complaint and which were located within the present corporate limits of the Town of Lake Placid as defined by Chapter 18643, supra, filed an answer which does not appear in the record, and also filed a motion to dismiss the bill of complaint on the ground, as appears to us from the record, that these owners believed that the municipality had no authority to levy any taxes whatever prior to the enactment of Chapter 18643, Acts of 1937, because of the holding of this Court in the ouster proceedings, supra. The Court on motion struck the answer and the counter-claim of that group of petitioners whose lands lie beyond the corporate limits of the Town and also struck the answer and denied the motion to dismiss of the owners whose property was located within the Town.

Each group of owners applied here for Certiorari to review the respective orders of the Circuit Court. We have considered both petitions and have reached the conclusion that the petition of those owners of lands lying within the present corporate limits as fixed, supra, should be denied on authority of our opinion and judgment in the case of State v. Town of Lake Placid, 140 Fla. 327, 191 So. 540, and West et al. v. Town of Lake Placid, 97 Fla. 127, 120 So. 361, and the petition of the owners of those lands lying outside the corporate limits should be granted.

It may be stated as elementary that a tax levy made to procure funds with which to pay bonded indebtedness which was incurred while the lands against which the levy is made

were prima facie within the corporate limits will be presumed to be valid, although the lands upon which the levy is made were thereafter ousted from the jurisdiction of the municipality, but this is a presumption which may be overcome.

The question of the validity of the bond issue and the question of the availability of the taxing power against certain lands to raise money to pay off the bonds do not necessarily involve identical legal principles or like facts.

In the case of State v. Town of Holly Hill, 128 Fla. 385, 174 So. 818, we held:

"All taxable property within boundaries of original town of Holly Hill was subject to tax, to meet interest and principal payments on refunding bonds, and town officers were required to impose taxes on all such property, notwithstanding some of refunding bonds had been reduced to judgment and statute had been enacted materially reducing territorial limits of town, where all bonds sought to be refunded were issued prior to passage of Act reducing town limits."

However, in the body of that opinion attention is called to the fact that no suggestion appeared in that case that the lands eliminated from the jurisdiction of Holly Hill were not proportionately benefitted with the property remaining in the town.

In the case of State ex rel. Harrington et al. v. City of Pompano, 136 Fla. 730, 188 So. 610, we held:

"Although unimproved areas unsuited for municipal purposes are included within limits of municipality by statute for purposes of municipal taxation without present or prospective compensation benefits to lands or to their owners, such statute will be presumptively valid until duly adjudged to be invalid in whole or in part because of improper inclusion of unimproved lands.

"37. Although quo warranto judgment may oust municipality of its prima facie and presumptively de jure jurisdiction over lands illegally included in municipality, city may have de facto jurisdiction over lands covered by judgment of ouster if circumstances authorize application of doctrine of de facto jurisdiction, but such application cannot operate to deprive any one of property rights without due course of law.

"38. Where quo warranto judgment ousting presumptive de jure jurisdiction of a de jure municipality over unimproved lands improperly included by statute in municipal limits does not duly adjudge that none of lands covered thereby can be taxed under any de facto jurisdiction of municipality, question of right to tax may be adjudicated by due course of law in appropriate judicial proceedings under Declaration of Rights."

It is our opinion that the disposition of the present case is ruled by our opinions and judgments in the cases of Hugh Richmond v. Town of Largo, 155 Fla. 226, 19 So. (2) 791 and cases there cited, and City of Sarasota v. Skillen et al. 130 Fla. 724, 178 So. 837. The rationale of these opinions is that where bonds have been issued by a de facto minicipal corporation acting under prima facie legislative power and thereafter some of the lands are excluded from the jurisdiction of the corporation because they are not so located that they can, will or may receive any municipal benefits from the corporation, the municipality is without power to levy or collect any tax for the purpose of raising money to pay the bonds issued while those lands were prima facie within the corporate limits, unless it shall appear that the owners of such lands have in some way estopped themselves from contesting the tax levy. On the other hand, if the lands have been benefitted by the improvement for which the bonds were issued, or if they are within the lawful boundaries of the municipality and are susceptible of receiving municipal benefits, then they are subject to the levy of taxes to raise money to pay the bonds whether those lands received any actual benefit from the money derived from the bond issue or not.

It, therefore, follows that the answer set up a good defense to the bill as to those lands which had been ousted from the jurisdiction of the corporation and which had never received any municipal benefits and were so situated that they were not susceptible of receiving or having municipal benefits and the petitioners owning those lands are entitled to have this question forever settled and to that end to have a permanent injunction against the levy of any future taxes for such purposes on such lands.

For the reasons stated, certiorari is granted, the orders of the Circuit Court striking the answers and counterclaims of the owners of those lands lying outside the limits of the present municipal boundaries and which are alleged to be non-susceptible of having or receiving any municipal benefits are quashed. The cause is remanded for further proceedings not inconsistent with the views herein expressed.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.