STATE v. HALIFAX SPECIAL ROAD AND BRIDGE DISTRICT OF VOLUSIA COUNTY; THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF VOLUSIA, and E. A. LATHAM, PETER GESSNER, JOHN H. GRAHAM, W. M. HANKINS, and BEN D. THURSBY, as and constituting the Board of County Commissioners of the County of Volusia.

171 So. 302.

Division B.

Opinion Filed December 10, 1936.

*Murray Sams,* State Attorney, for Appellant;

*Erskine W. Landis* and *Hull, Landis & Whitehair,* for Appellees.

TERRELL, J.—In 1915 when appellee, Halifax Special Road and Bridge District, was located entirely within Volusia County, it issued bonds in the sum of $400,000.00. Later by Chapter 7399, Acts of 1917, Flagler County was created from territory which included a small portion of Halifax Special Road and Bridge District, but the effect of said Act was to limit its boundaries to that part of the district remaining in Volusia County.

In 1929 pursuant to Chapter 13514, Acts of 1927, Halifax Special Road and Bridge District issued other bonds in the sum of $36,000.00. Both issues were validated, the first by Chapter 14635, Acts of 1929, and the second by Chapter 15570, Acts of 1931. This proceeding was brought to validate an issue of bonds in the sum of $302,000.00 to refund the bonds outstanding of both said issues. The Circuit entered a decree validating the proposed refunding issue and this appeal is from that decree.

Three questions are argued for our solution, but all may be comprehended in that of whether or not a Special Road and Bridge District may issue its bonds when located in a single county and later by Act of the Legislature have part of its territory cut off by the creation of another county and then issue additional bonds without affecting the obligation of its bonds first issued.

Our conclusion is that under the facts adduced this question must be answered in the affirmative. It is shown that one of the provisions of Chapter 7399, Acts of 1917, creating Flagler County limited the boundaries of Halifax Special Road and Bridge District to that part remaining in Volusia County and by Chapter 14635, Acts of 1929, sole

and exclusive jurisdiction over the district was vested in the County Commissioners of Volusia County. Flagler County has acceded to this jurisdiction.

When the district was created the County Commissioners of Volusia and Flagler Counties agreed that 1.92 per cent. of the bonded indebtedness of the district should fairly be assumed by Flagler County as its pro rata part and since this agreement interest on that amount has been regularly paid by Flagler County to Volusia County each year and Flagler County has assumed no jurisdiction or authority whatever over the district. This arrangement has been in effect and lived up to for many years.

The matter of creating Special Road and Bridge Districts is one of legislative discretion and it is competent for the Legislature to modify their boundaries and change the method of their administration at will so 'long as existing contracts are not adversely affected and the methods of their administration are reasonable and in keeping with approved standards.

In the case at bar we find no instance in which the Legislature exceeded its prerogative and since Flagler County has assumed its pro rata part of the bonded indebtedness of the District and has regularly assessed and paid the tax for that purpose the obligation of the bonds is in no sense affected.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.