BOARD OF PUBLIC INSTRUCTION FOR PALM BEACH COUNTY, and SPECIAL TAX SCHOOL DISTRICT No. 3 OF PALM BEACH COUNTY, *et al.,* v. STATE.

188 So. 334.
Division B.
Opinion Filed April 25, 1939.

*C. D. Blackwell* and *A. O. Kanner,* for Appellants;

*Louis F. Ma're,* and *Murray D. Overstreet* and *Angus Sumner,* for Appellee.

CHAPMAN, J.—This case is before the Court on appeal to review an order entered by the Circuit Court of Palm Beach County, Florida, dismissing a petition to validate refunding bonds of School District No. 3 of Palm Beach and Martin Counties, Florida, in the aggregate sum of $98,000.00. The record shows that since the election authorizing the issuance of the original bonds and prior to the delivery thereof School District No. 3 was located

wholly in Palm Beach County, Florida. Chapter 10180, Laws of Florida, Acts of 1925, created Martin County, Florida, which took a small portion of territory off the northern part of Palm Beach County and thereby divided Special Tax School District No. 3 so that a portion thereof remained in Palm Beach County and a portion in Martin County. The original bonds were not sold or delivered until after the creation of Martin County.

Section 20 of Chapter 10180, *supra,* authorized the School Boards of Palm Beach and Martin Counties to adopt an agreement or plan whereby Martin County would assume its pro rata share of the indebtedness of the Board of Public Instruction of Palm Beach County, and by the agreement so reached Palm Beach County assumed sixty-one per cent of the bond issue of Special Tax School District No. 3 and Martin County thirty-nine per cent thereof.

Section 17 of Article XII of the Constitution of Florida authorizes the issuance of bonds on the part of Special Tax School Districts for the exclusive use of the public free schools within such special tax school district, and the levy of a tax on the taxable property of the .district is permitted for the payment of the principal and interest on the bonds. Section 3 of Article VIII of the Constitution of Florida grants the Legislature the power to establish new counties and to change county lines and likewise to make newly established counties liable for their proportion of the then existing indebtedness. The Legislature had the power to enact Chapter 10180, *supra.* The agreement of the newly established County of Martin with Palm Beach County, through the Boards of Public Instruction, as to the liability of the respective counties as to the bond indebtedness of Special Tax School District No. 3 was a lawful and binding obligation and within the power of each county to enter into.

It appears that the effect of the enactment of Chapter 10180 *supra,* was to create or establish as a matter of law two separate and distinct districts of the former Special Tax School District No. 3 of Palm Beach County, and the agreement to pay the pro rata share of the then existing bonded indebtedness of said district on the part of the two counties was a binding obligation of said counties when agreed upon in so far as the then existing indebtedness of the former Special Tax School District was concerned, and there was no error on the part of the lower court in entering the order appealed from, thereby holding that the agreement on the part of the two counties created several obligations and the duty rested on each district to refund, if it so desired, its portion of the bonded indebtedness without regard to the other district. Chapter 15772, Laws of Florida, Acts of 1931, makes no provision for refunding bonded indebtedness jointly by the two districts as attempted by the plaintiffs in the lower court. See State v. Halifax Special Road and Bridge District, 126 Fla. 451, 177 So. 302; State v. Board of Public Instruction of Sarasota County, 129 Fla. 235, 176 So. 96.

The order appealed from is affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.